Davis, ex parte.

GERMAN H. DAVIS, *ex parte.*

When a debtor, who has been imprisoned, grounds his claim to be discharged upon certain papers, or documents, prescribed by statute, and not upon matter *in pais*, upon which an issue to the jury might be expected to arise, he may enforce his right by .writ of *habeas corpus.*

The statute of Nov. 5, 1845, giving to a debtor, who has been arrested upon process which issued against his body by reason of the filing, by the creditor, of an affidavit, in pursuance of chapter 28, section 63, of the Revised Statutes, the right of appearing before the magistrate, who signed the process, and submitting himself to examination as to his intention to abscond, applies to a case, where the debtor has been arrested upon execution, which issued against his body in conformity to the original writ, as well as to a case, where he has been arrested upon process, which issued against his body by virtue of an immediate affidavit.

If the debtor have given the requisite notices, under the statute of Nov. 5, 1845, the hearing before the magistrate may proceed, after the debtor has been committed and has given a jail bond, if the facts show, that the debtor did not, by giving the jail bond, intend to waive his right to have the hearing proceed.

If the execution, upon which the debtor was arrested, issued upon a judgment rendered by the county court, the clerk of the court, who signed the execution, is the magistrate, before whom the debtor is to appear and claim the benefit of the statute of Nov. 5, 1845.

HABEAS CORPUS. The complainant alleged, that, on the eighteenth day of May, 1846, he was committed to jail upon an execution against him in favor of Norcross & Wood, issued upon a judgment rendered by Windsor county court, which execution was signed by Norman Williams, clerk of the court; that on the day of his commitment he procured the requisite bond for his admission to the liberties of the prison; and that on the sixteenth day of July, 1846, he was re-committed to jail by virtue of a warrant obtained by the surety upon the jail bond. The complainant farther alleged, that the execution, upon which he was committed, issued upon a judgment, which was founded upon a contract entered into by him subsequent to January 1, 1839; that the creditors, before the commencement of the action, in which that judgment was obtained, filed with the magistrate, who issued the original writ, an affidavit,

51

setting forth that they had good reason to believe, and did believe, that the complainant was about to abscond from the state; that no other affidavit had ever been filed, and the execution issued against the body of the complainant by virtue of that affidavit; that, at the time he was arrested upon the execution, he gave notice to the officer who served the same, and also gave notice to the creditors, that he should forthwith appear before the clerk, who signed the execution, and submit himself to examination on oath, and also introduce other evidence, on the question whether he was about to abscond from the state, agreeably to the statute of Nov. 5, 1845; and that thereupon he did appear before the clerk, and the creditors appeared by their attorney, and, after due examination and hearing, the clerk made his certificate upon the execution, that he was not of opinion, that the complainant was about to abscond from the state. And the complainant alleged, that he had demanded his release of the jailer, and sheriff, and the same had been refused.

The jailer made his return, showing the commitment of the debtor upon the original execution, his admission to the liberties of the prison, and his re-commitment upon the warrant obtained by the surety upon the jail bond, as set forth in the complaint.

*Tracy & Converse* for complainant.

The application was properly made to the clerk, who signed the execution. He was the *authority signing the writ*, within the meaning of the statute of Nov. 5, 1845. Acts of 1845, page 17. The notices were properly given to the sheriff and to the creditors; and the certificate was properly made by the clerk. The complainant was thereupon entitled to be discharged from his imprisonment. The fact, that he was committed to jail before the matter was decided upon, by the clerk, can make no difference. It is within the *letter* as well as the *spirit* of the statute. This is apparent from the third section of the statute; page 18. See Rev. St. 187, 188.

*Wm. M. Pingry* and *P. T. Washburn* for creditors.

The creditors contend, that the debtor should nöt be discharged upon the facts set forth in his complaint, and proved by him;— Because

1. The statute of Nov. 5, 1845 applies only to cases, where pro-

Davis, ex parte.

cess against the body is directly founded upon affidavit,—not to cases, where the execution follows process previously issued, and thus runs against the body.

2. After commitment the execution is satisfied by the *levy upon the body* of the debtor; and so the clerk could have no jurisdiction under the statute of 1845.

3. If the present application of the debtor is sustained, the effect will be to discharge him from all obligation upon the judgment, and that without any fault on the part of the creditors. Rev. St. 227, § 29. And there is no provision for taking out a new execution in such case.

4. If the clerk had jurisdiction, and the certificate was legal, the party, who, as is shown upon the face of the complaint, was then upon the limits of the jail, might have departed therefrom, and would, if his present claim be well founded, have had an ample defence to a suit upon his jail bond, and the creditors would have had an opportunity to test the validity of the certificate by the rules of law applicable to ordinary cases, instead of being compelled to do so upon this summary proceeding.

5. The debtor is not entitled to remedy by *habeas corpus.* 9 Johns. 259. 17 Johns. 486. 10 Pick. 434. 6 Cranch 52.

The opinion of the court was delivered by

Royce, J. The complainant does not deny, that, under the proviso to section 63 of chapter 28 of the Revised Statutes, his arrest and commitment were legal; but he claims, that his imprisonment has since became unlawful, in consequence of his compliance with the provisions of the statute of Nov. 5, 1845.

It is first objected, in behalf of the creditors, that the case is not proper for the writ of *habeas corpus*, but that the complainant should be put to his *audita querela*. This objection would have much force, and probably be decisive, did the party ground his claim to be discharged upon any matter *in pais*, upon which an issue suitable for a jury trial might be expected to arise. But, when all is made to depend upon certain papers, or documents, prescribed by statute, the objection does not hold.

It is farther objected, that the statute of 1845 does not apply to a case, where an execution has issued against the body, on the ground

Davis, ex parte.

of conformity with the original writ, and not by virtue of an affidavit filed at the time of praying it out. As the statute of Nov. 1, 1843, has required the previous statute to be so construed, as to embrace an execution under the name of a writ of attachment, so that an affidavit may be filed at the praying out of an execution, as well as an original writ, it is assumed, that the statute of 1845 has reference only to the case, where an affidavit has been filed at the praying out of the very writ, on which the arrest is made. This objection would be entitled to weight, did the statute direct an endorsement, or minute, of the affidavit to be made upon the process. But this is not required. And as the statutes upon this subject should be liberally construed, in furtherance of the general policy of abolishing imprisonment for debt, a class of cases coming within the reason of these enactments ought not to be excepted from their operation, so long as they are not excluded by express words, or manifest intention. And hence we consider it a just conclusion, that, whether an affidavit under the first statute has been the immediate or remote cause for issuing the writ in the form of a *capias*, the debtor, if arrested, is entitled to the benefits of the statute of 1845.

It is also claimed, as the only proper construction of this last statute, that its provisions must be complied with before the commitment of the debtor. The statute certainly requires great diligence and expedition on the part of the debtor;—he is to notify the officer, at the time of his arrest, that he intends to avail himself of the benefit of the statute;—he is thereupon to give a like notice to the creditor, and immediately thereafter to appear and have a hearing before the authority signing the writ. And it is doubtless the more obvious inference, that all these measures will be taken before commitment. But the statute imposes no restraint, or delay, upon the officer, while it professes to secure this right to the debtor. And we are unwilling to admit, that the purpose of the statute can be defeated by the creditor, or the officer, if the debtor is guilty of no neglect, and is able to complete the requisite proceedings after his commitment. In many cases this would, indeed, become impossible. But in this instance the complainant was enabled to follow out the provisions of the statute. He gave the several notices in due time, appeared before the clerk, had a hearing, and procured a sufficient certificate to be duly endorsed upon the execution.

It is also urged, as an objection to the relief now sought, that the complainant procured the liberties of the prison by executing a jail bond. That fact, however, did not operate to put an end to his imprisonment, but only to change the mode and character of it; to most, if not all, legal purposes he was a prisoner upon the execution still. And it appears, that he has since been recommitted by his surety, and is again confined in the walls of the jail. Hence it is only as a waiver of protection under the statute of 1845, that the giving of the bond can be insisted on as any bar to the present application. It may be conceded, that such an act would, of itself, furnish some evidence of the waiver supposed, it having a slight analogy to the act of procuring bail on *mesne* process, when the party might have claimed his immediate discharge from arrest. But upon all the facts before us no such waiver would necessarily be implied by law, and it is certain that none was intended by the complainant, since he continued to prosecute his claim for relief under the statute.

I have thus noticed all the grounds taken in defence, which can be regarded as peculiarly applicable to this new case arising under the statute. The other objections urged have never been allowed to prevent the discharge of a party upon the writ of *habeas corpus*. We therefore come to the conclusion, that the prisoner must be discharged.