(*) HANSON, on *Habeas Corpus.*

The penalty for illegally selling spirituous liquor may be recovered by action of debt or by complaint.

When recovered by action before a justice of the peace, the judgment is to be enforced by execution in the common form.

In such a case, the issuing a mittimus by the justice for a commitment to the jail is unauthorized.

From an imprisonment upon such a mittimus, the prisoner may obtain a discharge by writ of *habeus corpus*.

ON HABEAS CORPUS.

The inhabitants of the town of Dexter instituted an action of debt, against Hanson, before a justice of the peace, to recover the penalty for having sold spirituous liquor in violation of the statute. In that suit they recovered a judgment for $10, forfeiture, and $8,62, costs.

He claimed an appeal, and was thereupon ordered by the justice to recognize, and also to give bond, with sureties, as prescribed in the statute of 1851, c. 211, entitled an Act for the suppression of drinking houses and tippling shops. He however failed to recognize and also failed to give the bond. After twenty-four hours from the rendition of the judgment, the justice issued a mittimus, commanding the officer to commit Hanson to the public jail, and also commanding the keeper of the jail to detain him until he should pay said penalty and costs or be otherwise discharged in due course of law.

Upon that mittimus, Hanson was committed to the jail. He there applied for a writ of *habeas corpus*. The writ was granted, and was addressed to the jailer, and Hanson was thereupon brought into Court. Whether he was entitled to be discharged, was the question submitted for decision.

*Knowles*, for the petitioner.

The suit against Hanson was merely a civil action. The judgment recovered against him was to be enforced, not by a mittimus, but by an execution in common form. Upon such an execution he might have paid the money and been discharged without being carried by an officer through several towns and committed to close prison. By the mittimus, which unconditionally and peremptorily required a commitment, his rights were invaded, and the imprisonment was illegal, and he is therefore entitled to be discharged.

*J. Crosby, contra.*

The selling of prohibited liquor is called in the statute an "offence." The penalty may be by action or complaint. In each form of proceeding, the penalty is the same. Pun-

ishment should be the consequence of the offence. It is absurd to suppose that any difference in the punishment was intended, whether the proceeding was by action or by complaint. The word conviction, in the 6th section of the Act, applies as well in cases by action as by complaint. An execution could not have enforced the punishment. The debtor might have given the poor debtor's relief bond, and thus have defeated the salutary purposes of the statute.

APPLETON, J. — The fourth section of statute of 1851, c. 211, entitled "an Act for the suppression of drinking houses and tippling shops," imposes a forfeiture of ten dollars and cost for each and every sale of spirituous and intoxicating or mixed liquors, a part of which are intoxicating, made contrary to its provisions. It is provided by § 5, that "any forfeiture or penalty arising under the above section may be recovered by an action of debt, or by complaint before any justice of the peace or judge of the municipal court, in the county where the offence was committed. The prosecutor has his election, which of these remedies he will pursue. The defendants in this case brought an action of debt against the plaintiff for a violation of the Act referred to, and successfully prosecuted the same to judgment, from which the plaintiff appealed, but failing to furnish the security required by statute for the prosecution of his appeal, the magistrate before whom the cause was heard issued his mittimus upon which he was committed, whereupon this writ of *habeas corpus* was sued out at his instance, by virtue of which he was released from his imprisonment.

The question raised is, whether a magistrate is authorized to issue a mittimus in an action of debt brought to recover a penalty under the Act of 1851, c. 211. The forms of process are established by the statute of 1821, c. 63. By § 3 of that chapter, the forms of writs and process to be used in civil cases triable before a justice of the peace, and applicable to the different forms of action, were given. By R. S., c. 114, § 1, the sixty-third chapter of the statutes of 1821 remains unrepealed. The magistrate is bound to conform to

the forms then established until they are changed by an Act of the Legislature or altered by the Supreme Court under the provisions of that section. The respondents elected to proceed by action of debt. Neither the Legislature nor the Supreme Court have made any alterations in the forms of writs or other process. If, as is insisted by counsel, it was the design of the Legislature that judgments in actions of debt should be enforced by a mittimus, they have made no provisions by which such intention can be carried into effect. The old mode of enforcing judgments remains unaltered. The mittimus is applicable only to criminal procedure and was improvidently issued by the magistrate. The writ of *habeas corpus* was properly granted, and the plaintiff is to be discharged.

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.