David v. Blundell.

THE STATE, HENRY J. DAVID, PROSECUTOR, v. JAMES BLUNDELL, SHERIFF OF PASSAIC COUNTY.

1. Where a defendant in custody under *capias ad satisfaciendum* gives a bond to take the benefit of the insolvent law, is refused a discharge, and does not surrender himself to the sheriff, an *alias ca. sa.* cannot be issued to re-arrest him; the plaintiff's remedy is on the bond.
2. A person in jail under *ca. sa.*, issued on a judgment founded upon contract, may be discharged on *habeas corpus*.

On *certiorari*.

The prosecutor, Henry J. David, was arrested on *capias ad satisfaciendum,* issued on a judgment recovered against him in this court in an action of debt, at the suit of Legrand M. Anway, executor, &c., in July, 1876. The prosecutor gave bond to take the benefit of the insolvent laws, was discharged from arrest by the sheriff, and the writ was returned with the bond and inventory. According to the condition of the bond, he made application at the January Term, 1877, of the Court of Common Pleas of Passaic county for a discharge, which was refused by said court.

The prosecutor did not surrender himself to the sheriff or keeper of the jail of the county, but remained at large until the 25th day of August, 1877, when he was again arrested on an *alias ca. sa.*, issued on the same judgment, by order of a justice of this court. Being in the custody of the sheriff under the *alias ca. sa.*, he presented his petition to said justice for a writ of *habeas corpus*, which was allowed; and, upon hearing, the prosecutor was remanded into the custody of the sheriff on said *alias ca. sa.*

This *certiorari* brings up the writ, the order, the proceedings, papers and testimony at the hearing.

Argued at June Term, 1877, before Justices SCUDDER and REED.

David v. Blundell.

For the plaintiff in *certiorari*, *Coult & Howell*.

For the defendant, *Collins & Corbin*.

The opinion of the court was delivered by

SCUDDER, J. The original judgment obtained in the State of New York, upon which the action of debt was brought in this court, has been assigned, it is alleged, before the action brought in this state; but such assignment, if any there be, is not shown by legal evidence in these papers. It is not, however, important in determining the questions which have been presented to us on the motion to set aside the order refusing a discharge of the defendant on the *habeas corpus*. The question is broadly raised whether the plaintiff in execution, or any one claiming under him, is entitled to an *alias ca. sa.* on this judgment.

Our act for the relief of persons imprisoned on civil process enacts, that any person arrested or held in custody by any sheriff, constable, or other officer, in any civil action, upon *mesne* process, or process of execution, shall be discharged from arrest or custody of such officer, provided he shall make out and deliver to the officer a true and perfect inventory, under oath or affirmation, of all his property, personal and real, and shall give bond to the plaintiff at whose suit he is arrested, with sufficient surety, in double the sum for which he is arrested or taken in execution, with condition that he will petition for the benefit of the insolvent laws, comply with all the requirements of the act, and, if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county, there to remain until discharged by due course of law; and in case of the forfeiture of said bond, by breach of any condition thereof, the plaintiff, his executors or administrators, may bring an action thereon, and recover the debt damages and costs due from the person or persons so arrested, and for which the arrest was made.

It is argued that it is obligatory, by the condition of this

David v. Blundell.

bond which the prosecutor has given to the plaintiff, that he shall surrender himself immediately into the custody of the sheriff or jailer, when refused his discharge, to be held under the original *ca. sa.*, and if he neglect and refuse so to do, he may be re-arrested by another *ca. sa.*, upon the application of the plaintiff. It is claimed that the plaintiff, who still holds the bond for his security, has either and both remedies; that he may sue upon the bond, and arrest the defendant on the judgment, or at least that he has his election, and is not restricted to an action on the bond by the terms of the statute. It has never been questioned that he may have his action on the bond, for the breach caused by the failure of defendant to surrender himself into the custody of the sheriff when refused a discharge under the insolvent laws. But if, for any reason, he should not wish to pursue this remedy on the bond, may he elect to again arrest the defendant on his judgment? This is the question presented for our determination.

At the common law, if the body of the defendant was taken in execution, that was considered, *quoad* him, a satisfaction of the debt; the plaintiff could not resort to the judgment again, and take or charge the defendant's person in execution, even though he were discharged the first time by the plaintiff's consent, upon an express undertaking that he should be liable to be taken in execution again if he failed to comply with the terms agreed on. Cases of fraud in procuring the discharge, escape and rescue are the exceptions to this rule. 1 *Tidd's Pr.* 1029, &c.; 1 *Arch. Pr.* 307, 308; 1 *Burrill's Pr.* 314; *Little* v. *Newburyport Bank*, 14 *Mass.* 443; *Miller* v. *Miller*, 2 *South.* 508; *Strong* v. *Linn*, 2 *South.* 799; *State* v. *Dodge*, 4 *Zab.* 671.

To these may be added the case where a defendant is arrested on a *ca. sa.* and discharged by reason of irregularity in the writ or service. *Merchant* v. *Frankis*, 3 *Q. B.* 1; *McCormick* v. *Melton*, 1 *C., M. & R.* 525; *Collins* v. *Beaumont*, 10 *A. & E.* 225.

Our statute (*Rev*, *p*. 393, § 21,) preserves the right to retake any person who shall be committed in execution to any

David v. Blundell.

prison, *and shall escape therefrom,* by a new *capias* or *ca. sa.,* or to sue forth any other kind of execution on the judgment, as if the body of such prisoner had never been taken in execution. This section recognizes the exception above stated, where there has been an escape. It is claimed that there has been an escape in this case. This cannot be, for after the defendant had given bond, under the insolvent act, he was not in prison, or in the custody of the sheriff. Section 4 (*Rev., p.* 498,) provides that when the defendant shall be discharged upon execution, on giving bond, the sheriff shall make his return thereof, and the delivery of the bond to the plaintiff shall exonerate the officer from any liability for escape. The sheriff is freed from further responsibility for the custody of the body ; the bond is taken and accepted, if satisfactory, as a substitute for the body of the defendant, and the plaintiff has his remedy by action upon it, if any of its conditions be broken. After the bond is accepted, there can be no escape, voluntary or negligent, for the sheriff has no control over the body of the defendant, unless he voluntarily surrender himself into his custody.

But it is further said that this giving a bond is but a provision for a temporary and conditional enlargement, and is a mere privilege, which ceases when the court refuses to discharge the defendant in the insolvent proceedings. It is true, that if the defendant surrender himself in discharge of the condition of his bond, he may be held by virtue of the original arrest. *Dalbey* v. *Lowenstein,* 5 *Vroom* 465.

But he is held, not because the privilege from arrest has ceased, but because of his actual and voluntary return into custody, in pursuance of his agreement, and the terms of the statute. No new right of caption is given by statute, after his discharge is refused, and his surrender is voluntary. His enlargement, therefore, is not a mere temporary privilege, but a right which he has purchased by giving an equivalent—a bond, with sufficient surety—according to the directions of a statute intended for the relief of persons imprisoned on civil

process, which is to be construed favorably for personal liberty.

A personal privilege, such as is enjoyed by reason of the dignity of station, or other circumstances conferring a permanent or temporary immunity from arrest, is an act of grace and favor. Thus persons connected with the trial of a cause in court, such as parties, witnesses, bail, attorneys, &c., are privileged from civil arrest while going to, attending, or returning from courts, as a favor and temporarily, and will be discharged by the court, if arrested, (*Humphrey* v. *Cumming*, 5 *Wend*. 90,) and the person taken may be re-arrested after discharge for privilege. *Barrack* v. *Newton*, 1 *Q. B.* 525. But giving a sufficient bond, under the statute, does not confer a mere temporary privilege; it is not a conditional and temporary enlargement, but it assures a permanent immunity from arrest, unless the defendant voluntarily surrenders himself in discharge of his bond.

In *Coburn* v. *Palmer*, 10 *Cush.* 273, where the debtor had given bond for the prison limits, and failed to surrender himself according to the terms of the bond, it was held that the creditor's remedy was not on the judgment, but on the bond which had been forfeited. Such appears to have been the opinion of the court in *Woodruff* v. *Barrett*, 3 *Green* 40, where it is said, "When the court refused to discharge the debtor, he had an election either to forfeit his bond, by continuing at large, or to save it by an immediate surrender of himself to the sheriff." This is cited and repeated in *Voorhees* v. *Thorn*, 1 *Zab.* 77, and such has been the usual construction of the condition of bonds given under the insolvent laws of our state. In none of the cases is it said that the plaintiff has his election to sue on the bond, or re-arrest the defendant by another *capias* on his judgment. The last clause of Section 2 of the insolvent act above cited, points to an action on the bond as the appropriate remedy, if it be forfeited by any breach of the conditions. The statute is silent as to any second seizure of the body of the defendant upon such breach. The defendant in this case, having elected to

David v. Blundell.

forfeit the bond, the plaintiff could not again arrest him under the judgment, and the writ *alias ca. sa.*, which the sheriff has returned as his authority for holding him, is without authority, and illegal.

The jurisdiction to discharge the petitioner on *habeas corpus* is found in the statute. *Rev.*, *p.* 468, § 1. It is very large. Every person committed, detained, confined, or restrained of his liberty, within this state, for any criminal, or supposed criminal matter, or under any pretence whatsoever, may have the writ, subject to the exceptions named in the second section. Among these exceptions, are " persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon said judgment or decree, unless such judgment or decree be founded upon contract. Section 25 provides the means of inquiry in such cases. The general subject of the jurisdiction of a court or judge, in cases of *habeas corpus*, will be found fully discussed in the recent case of *People* v. *Liscomb*, 60 *N. Y.* 559, and cases there cited. See also *Peltier* v. *Pennington,* 2 *Green* 312. But this section of our statute is of easy construction. It is in harmony with the constitution and other statutes *in pari materia*, which secure the liberty of the citizen in actions upon contract, except in cases of fraud, and provide a summary method for examination of alleged fraudulent practice. I find no difficulty in maintaining the jurisdiction of the court on proceedings under this judgment, founded on contract, within the exception in the statute.

The order refusing the discharge of the petitioner is set aside, and he is discharged from arrest and custody, under the *alias ca. sa.* issued in this case.