MAX EISEN, Petitioner, vs. MICHAEL ZIMMER, Sheriff,
Respondent.

*Opinion filed April 18, 1912.*

1. HABEAS CORPUS—*party in custody under a judgment may be
discharged when judgment ceases to be operative.* One who is
lawfully in custody under a judgment is entitled to his discharge
on writ of *habeas corpus* in case the judgment becomes inoperative
subsequent to his imprisonment.

2. SAME—*on habeas corpus the court may determine whether
judgment of other court has been paid.* The rule that no court,
upon writ of *habeas corpus,* can review or overturn the judgment
of another court which had jurisdiction of the parties and the
subject matter, does not preclude an inquiry on *habeas corpus* into
the question whether the judgment of another court has been paid
or has otherwise ceased to be operative.

3. SAME—*when a prisoner is entitled to discharge.* One im-
prisoned by virtue of an execution against the body, issued on a
joint judgment in an action for damages for false arrest, is en-
titled to be discharged on *habeas corpus* when his co-defendant
pays the joint judgment; and the finding of the court in the
*habeas corpus* suit that the judgment has been paid cannot be re-
viewed in a subsequent *mandamus* proceeding to compel the sher-
iff to re-arrest the defendant on the original execution. (*People
v. Zimmer,* 252 Ill. 9, distinguished.)

ORIGINAL petition for *mandamus.*

JOSEPH KOHN, for petitioner.

JOHN STELK, for respondent.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an original petition filed in this court by Max
Eisen against Michael Zimmer, sheriff of Cook county,
praying for a writ of *mandamus* to compel said Michael
Zimmer, as sheriff, to apprehend Jacob Rubenfeld and con-
fine him in the county jail of Cook county in accordance
with the command of a certain execution against the body
of said Jacob Rubenfeld issued by the clerk of the circuit

court of Cook county and directed to said Michael Zimmer, as sheriff, in a certain action on the case commenced in said court wherein Max Eisen was plaintiff and Jacob Rubenfeld and Max Kornreich were defendants, and wherein a judgment for $500 and costs was rendered in favor of the plaintiff and against said defendants.

The petition averred that on March 9, 1906, there was commenced in the circuit court of Cook county by Max Eisen, against Jacob Rubenfeld and Max Kornreich, a certain action on the case in which a declaration was filed, wherein it was averred, among other things, that said Jacob Rubenfeld and Max Kornreich had theretofore falsely, willfully and maliciously, and without reasonable or probable cause, caused a warrant to be issued by a justice of the peace of Cook county and the said Max Eisen to be arrested upon said warrant and to be imprisoned upon the charge of perjury in the county jail of said county, and that upon a trial before said justice of the peace said Max Eisen was discharged; that the defendants, Jacob Rubenfeld and Max Kornreich, filed a plea of the general issue to said declaration, and upon said cause being tried in the circuit court of Cook county before a jury, a verdict was returned and a judgment was rendered in favor of the plaintiff, Max Eisen, and against the defendants, Jacob Rubenfeld and Max Kornreich, for the sum of $500 and costs; that thereupon an execution against the body of said defendants was ordered by the court to issue, which was done accordingly and delivered to Michael Zimmer, as sheriff, to execute; that Michael Zimmer, as sheriff, arrested Jacob Rubenfeld by virtue of said writ of execution and incarcerated him in the county jail of Cook county; that thereupon said Jacob Rubenfeld presented a petition for a writ of *habeas corpus* to Judge Gibbons, one of the circuit judges of Cook county, which writ was issued, and that said Jacob Rubenfeld was brought before Judge Gibbons and was admitted to bail and was afterwards remanded into custody

of said Michael Zimmer, as sheriff; that thereafter said Jacob Rubenfeld presented a second petition for a writ of *habeas corpus* to Judge Windes, another one of the circuit judges of Cook county, to be discharged from imprisonment under and by virtue of the writ of execution against his body, by which he was being held by said Michael Zimmer, as sheriff, to satisfy the judgment rendered against him and Max Kornreich in favor of Max Eisen, and that upon a hearing the said Jacob Rubenfeld was discharged and released from imprisonment under said writ by virtue of an order entered in said *habeas corpus* proceeding by Judge Windes. It is also averred in the said petition that Judge Windes in said *habeas corpus* proceeding was without jurisdiction to discharge said Jacob Rubenfeld from imprisonment under said writ, and that said order of discharge was void and that the release and discharge of said Jacob Rubenfeld was unlawful, and that Jacob Rubenfeld should be re-arrested by said Michael Zimmer, as sheriff, and confined in the county jail of Cook county by virtue of said writ of execution against his body, held by said sheriff, until said execution was satisfied.

The answer filed to said petition, among other things, averred that the writ of execution in the hands of the said Michael Zimmer, as sheriff, issued against the body of Jacob Rubenfeld, appeared upon its face to be void for want of jurisdiction in the circuit court to render a judgment against Jacob Rubenfeld which authorized an execution to issue against his body, and it was further averred that the petition in the *habeas corpus* proceeding before Judge Windes averred the judgment upon which said execution was issued was a joint judgment against Jacob Rubenfeld and Max Kornreich, and that said Max Kornreich, who was a joint judgment debtor with said Jacob Rubenfeld, had paid and satisfied said judgment, and that in consequence of the payment and satisfaction of said judgment the said Jacob Rubenfeld was entitled to be discharged from

imprisonment under and by virtue of the execution against his body, held by said Michael Zimmer, as sheriff. To said answer Max Eisen has filed a general demurrer, and the question here presented for decision is, should a writ of *mandamus* issue in this cause commanding Michael Zimmer, as sheriff, to re-arrest the said Jacob Rubenfeld and confine him in the county jail of Cook county by virtue of said writ of execution against his body, theretofore issued to Michael Zimmer, as sheriff, notwithstanding the order of discharge entered by Judge Windes in said *habeas corpus* proceeding.

The answer filed to the petition for a writ of *mandamus* in this cause avers that the petition presented to Judge Windes for a writ of *habeas corpus* averred that the judgment upon which the writ of execution against the body of Jacob Rubenfeld issued and by virtue of which he was being held by Michael Zimmer, as sheriff, was a joint judgment against said Jacob Rubenfeld and Max Kornreich and that said judgment had been paid and satisfied by Max Kornreich, and the demurrer filed to the answer in this court by Max Eisen admitted those averments to be true. In view of the admissions of record thus made in this court, it would seem to be too clear for argument that Judge Windes had jurisdiction to determine whether Jacob Rubenfeld was entitled to be discharged from imprisonment under and by virtue of the writ of execution against his body, held by Michael Zimmer, as sheriff, as section 22 of chapter 65, entitled "Habeas Corpus," provides that if it appears that a prisoner is in custody by virtue of process from a court and that the original imprisonment was lawful, the prisoner shall not be discharged unless it appears that some act has subsequently taken place by virtue of which the prisoner has become entitled to his discharge, in which event he may be discharged by writ of *habeas corpus,*—and such was the common law. The rule of the common law upon the subject is thus announced in vol-

ume 15, page 171, of the American and English Encyclopedia of Law: "A person in custody under a judgment is entitled to be discharged on *habeas corpus* if the judgment has ceased to be operative because of any matter *ex post facto,* as where the prisoner has been pardoned, or the period of imprisonment to which he was sentenced has expired, or where the judgment by virtue of which he was confined has been reversed or otherwise superseded."

The circuit court had jurisdiction of the subject matter of the suit between Max Eisen and Jacob Rubenfeld and Max Kornreich, and the judgment entered in that case, which culminated in the writ upon which Jacob Rubenfeld was arrested and incarcerated in the county jail of Cook county, could not be impeached or the subject matter of the suit re-tried in the *habeas corpus* proceeding before Judge Windes, (*People* v. *Zimmer,* 252 Ill. 9,) and that was not sought to be done, but Judge Windes in that *habeas corpus* proceeding had the undoubted right to hear and determine the question whether the judgment upon which the writ by virtue of which Jacob Rubenfeld was being held had been, subsequent to its rendition, paid and satisfied, and if he found it had been paid and satisfied, to discharge Jacob Rubenfeld, as the execution against his body could have no life after the judgment upon which it was issued had been paid and satisfied. It would be a great hardship, and unlawful, to keep Jacob Rubenfeld in jail to compel him to satisfy a judgment which had been paid and satisfied, and such wrong, if shown to be inflicted upon him, could be relieved against by the writ of *habeas corpus.*

It is urged that the judgment against Jacob Rubenfeld and Max Kornreich, as a matter of fact, has not been paid. This fact is one which does not affect the question here. This record shows that Judge Windes had jurisdiction to determine that question in the *habeas corpus* case, and he determined it against the relator by discharging the prisoner.

It is also said that the proper practice would have been
for Jacob Rubenfeld to have appeared in the circuit court
where the judgment was rendered and asked that court to
enter an order recalling the execution on the ground that
the judgment upon which it was based had been satisfied,
and then moving that Jacob Rubenfeld be discharged.   It
may be that such would have been the better practice and
one way of obtaining the discharge of Jacob Rubenfeld.
Judge Windes, however, had jurisdiction in the *habeas cor-*
*pus* proceeding to determine the question whether the judg-
ment upon which the execution against the body of Jacob
Rubenfeld was issued had been paid and satisfied, and he
having determined that question, this court is without ju-
risdiction to review his holding in that regard.

Great reliance is placed by Max Eisen upon the case of
*People* v. *Zimmer, supra,* as sustaining his position that
Michael Zimmer, as sheriff, should be required to re-arrest
Jacob Rubenfeld under the execution in his hands against
his body.   That case holds that no court in this State, upon
*habeas corpus,* has the right to review or overturn the judg-
ment of another court which had jurisdiction of the parties
and of the subject matter of a cause, and if Judge Windes
had undertaken to review the judgment entered in the case
of Max Eisen against Jacob Rubenfeld and Max Kornreich,
and had released Jacob Rubenfeld from imprisonment upon
an execution issued in that case on the ground that the court
that tried that case and entered judgment in that case and
ordered an execution to issue against the body of Jacob
Rubenfeld had erred, then the case of *People* v. *Zimmer,*
*supra,* would have been in point and the order issued by
Judge Windes in the *habeas corpus* case discharging Jacob
Rubenfeld would have been void for want of jurisdiction
in Judge Windes to enter such order.   The order entered by
Judge Windes proceeds upon the theory that the execution
against the body of Jacob Rubenfeld was originally a valid
execution, but that by virtue of the payment and satisfaction

of the judgment upon which it rests it became *functus officio* and that Jacob Rubenfeld was entitled to be discharged.

The prayer of the petitioner for a writ of *mandamus,* for the reasons stated, will be denied.   *Writ denied.*