FOWLER et al. v. BRIGHT et al.

No. 20769.

District Court, W. D. Washington, N. D.

May 8, 1933.

Robert B. Abel, of Tacoma, Wash., for plaintiffs.

Trumbull, Severyns & Trumbull, of Port Angeles, Wash., for defendants.

NETERER, District Judge.

The petition alleges that the plaintiff, Jane Taylor Fowler, is a full-blooded Puyallup Indian and the mother of the child, Violet Taylor, also known as Violet Bright, 10 years and 8 months of age; that the defendants Nina Bright and Horace Bright, mother and son, are Quillehute Indians, members of and enrolled in the Quillehute Tribe of Indians, and residing upon the Quillehute Indian reservation, this district; that Violet Taylor is the bastard child of Jane Taylor Fowler, who is a fit and proper person to have such custody; that the child is by the defendants restrained; that the defendants refuse to surrender the said child to the plaintiff; that plaintiff is now married to Jack Fowler, and resides in the city of Tacoma, and plaintiffs have a good and proper home, occupied by the plaintiffs, and the plaintiff Jane Taylor Fowler, mother, prays possession and custody, in which her husband, Jack Fowler, joins; that they have sufficient income to properly feed, clothe, and educate said child; that there is no relationship between the defendants and said minor child, and said minor child is not being properly educated or cared for; that said child has been taken from the plaintiff, its mother, surreptitiously, and unlawfully and possession thereof denied.

Defendants challenge the jurisdiction of this court, and likewise sufficiency of the petition for writ.

By the Treaty with the Quinaielt-Quillehute Indians, concluded in 1855 (12 Stat. 971), among other things it is provided that all rights, title, and interest in the lands and country occupied by the Quillehute Indians are relinquished and released to the United States, and include the lands known as the Olympic Peninsula, and within which the defendants reside and have the custody of the said child. United States v. Taylor (D. C.) 33 F.(2d) 608. Thereafter the said territory was created and known as the Quillehute Indian Reservation, and by the enabling act, approved February 22, 1889 (Rem. Comp. Stat. of Washington, page 31; 25 Stat. 676), the second subdivision of section 4 which disclaims all right and title to any appropriated public lands lying within the boundaries thereof and all lands lying within any Indian Reservation or belonging to any tribe, until the title thereto shall have been extinguished by the United States, and "said Indian lands shall remain under the absolute jurisdiction and control of the Congress of the United States." This land, reserved to the Indians by treaty, constituted a distinct entity, and exclusive jurisdiction vested in the federal government, which may entertain jurisdiction of matters relating to them or thereto. United States v. Boylan (C. C. A.) 265 F. 165. This court entertains jurisdiction of issues relating to the Indians of this reservation. See Taylor v. United States (C. C. A.) 44 F.(2d) 531.

There is no question of domestic relation involved in the petition. This court has power to grant the writ for the purpose of inquiry into the cause of restraint of liberty. 28 US CA § 452.

The mother of a bastard (2 Kent, 208) is the guardian by nurture, entitled to its custody (Commonwealth v. Hamilton, 6 Mass. 273, at page 274; Inhabitants of Somerset v. Inhabitants of Dighton, 12 Mass. 383; In re Goodenough, 19 Wis. 274, at page 276). The common law of natural guardianship, however, extends only to the personal custody. Mauro v. Ritchie, 16 Fed. Cas. page 1171, No. 9312; Miles v. Boyden, 3 Pick. (Mass.) 213. The mother has the natural and legal right to the child, unless so clearly unfit that the welfare of the child imperatively demands otherwise. In re Neff, 20 Wash. 652, at page 655, 56 P. 383. And the custody of the child being withheld from the mother arbitrarily and without right is, no doubt, under restraint. Wales v. Whitney, 114 U. S. 564, 5 S. Ct. 1050, 29 L. Ed. 277.

The motion to dismiss is denied, and the demurrer overruled.