LINDOW *v.* MUDGE.

1. ARREST—JUDGMENT—FRAUD—CAPIAS AD SATISFACIENDUM.
   *Capias ad satisfaciendum* may follow a judgment for fraud.

2. SAME—JUDGMENT—CAPIAS AD RESPONDENDUM.
   *Capias ad satisfaciendum* may properly be issued after judgment in case where defendant might be brought into court on *capias ad respondendum*.

3. EXECUTION—ARREST—CAPIAS AD RESPONDENDUM—SUMMONS.
   3 Comp. Laws 1929, § 14559, limiting the issuing of execution against the body of a judgment debtor to 20 days after the return day of the execution against the property of the defendant, applies only to cases started by *capias ad respondendum* and not to one begun by summons.

4. ARREST—CAPIAS AD SATISFACIENDUM—ATTORNEY—IMMUNITY.
   Order granting motion to set aside *capias ad satisfaciendum* and quash service on ground that statutes authorizing issuance of the writ were not complied with but not mentioning defendant's claim of exemption from arrest in civil action as an attorney returning from the trial of a cause, pursuant to 3 Comp. Laws 1929, § 14106, is reversed on appeal where writ was properly issued and record shows defendant not entitled to claimed immunity.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted January 3, 1934. (Docket No. 29, Calendar No. 37,053.) Decided March 6, 1934.

Case by Herman Lindow and another against Harry E. Mudge and another for fraud in the exchange of real estate. Judgment for plaintiffs. From order dismissing writ of *capias ad satisfaciendum* and discharging sureties on jail limits bond, plaintiffs appeal. Reversed.

*Leroy W. Belanger* and *Frank P. Darin,* for plaintiffs.

*Arthur R. Kosel,* for defendant Mudge.

BUTZEL, J. Herman Lindow and wife, plaintiffs, claiming that they had been induced to exchange their property for a farm through the fraud and misrepresentations of Harry E. Mudge and Christine D. Mudge, his wife, defendants, brought suit on the equity side of the court. The trial court ordered a transfer to the law side and the case was tried before a jury, upon the theory of fraud, without any new pleadings being filed. The judge charged the jury that the only fraud claimed consisted of Mudge's misrepresentation that he would furnish $2,000 with which to enable plaintiffs to operate the farm. Plaintiffs claimed that as a result of such misrepresentation, they had suffered a large loss, and the jury rendered a judgment for $9,000. Defendants then appealed to the Supreme Court, contending for the first time that the representations, if made, were only promissory in character, and did not constitute fraud. The case was affirmed in *Lindow* v. *Mudge,* 247 Mich. 624, wherein it was held that in an action for fraud in the exchange of property, where no objection was made in the trial court to the admission of testimony of the misrepresentations relied upon, and no error was assigned on that account, and where there was no request for instructions that misrepresentations, only promissory in character, do not constitute fraud, judgment for plaintiffs would not be reversed on that ground. In the opinion written by Mr. Justice FELLOWS, it was stated that upon the theory adopted by both parties in the court below as to what constitutes fraud, the verdict was neither excessive nor against the over-

whelming weight of the evidence. The opinion leaves absolutely no doubt that the judgment was one in fraud.

After several writs of *fieri facias* were returned unsatisfied, a writ of *capias ad satisfaciendum* was issued on the 21st day of April, 1931, and defendant Harry E. Mudge was arrested thereunder. On the 29th day of April, 1931, Mudge was unsuccessful in an attempt to secure a mandamus requiring the sheriff of Wayne county to accept a bond that had been tendered. However, later on the same day, he was released from custody upon furnishing a jail limits bond to the sheriff. On April 18, 1932, after almost an entire year had elapsed, Mudge filed a motion in the instant case asking that the *capias* be set aside and the service quashed. He claimed, first, that the statutes authorizing the issuance of such a writ had not been complied with, and second, that the service of the *capias* and his arrest thereunder, were invalid on the ground that he was privileged from arrest at the time, as an attorney returning from the trial of a cause. The motion was granted on the first ground, and an order entered dismissing the writ and discharging the sureties on the jail limits bond. Plaintiffs thereupon took this appeal.

Defendant claims that the judgment was one founded upon contract and that, therefore, under 3 Comp. Laws 1929, § 15378, he was immune from arrest, as no affidavit was filed showing proper grounds for arrest as required in 3 Comp. Laws 1929, §§ 15380, 15381. The judgment was one in fraud, not in assumpsit. When the case was transferred to the law side of the court, it became an action on the case for fraud, and a *capias ad satisfaciendum* may follow a judgment for fraud. *Kirker*

v. *Larson,* 254 Mich. 648. From the nature of the judgment, a *capias ad respondendum* might properly have been issued as the process in the first instance to bring Mudge into court, and therefore a *capias ad satisfaciendum* could properly be issued on the judgment rendered. *Forsythe* v. *Washtenaw Circuit Judge,* 180 Mich. 633 (L. R. A. 1915 A, 706); *McDonell* v. *Wayne Circuit Judge,* 222 Mich. 516.

Defendant further claims that under 3 Comp. Laws 1929, § 14559, plaintiffs lost their right to a *capias* because it was not issued within 20 days after the return of an execution unsatisfied. Section 14559, *supra,* applies only to cases started by *capias ad respondendum,* and therefore has no application to the case at bar, which was begun by summons. *McDonell* v. *Wayne Circuit Judge, supra.*

The trial judge, in granting the motion to set aside the *capias,* made no mention of defendant's claim that he was arrested while returning from the courthouse, where he had been trying a suit before one of the judges of the court of common pleas, and that he so informed the officers at the time of his arrest. This claim is supported solely by Mudge's own affidavit, in which he does not mention the title of the case he claimed to be trying. Counter-affidavits were presented by the two deputies who made the arrest, showing that they saw Mudge on the street entering an office building, where he remained in the lobby for approximately 10 minutes, and that they arrested him after he emerged. They also show that on that occasion he made no claim whatsoever of immunity from arrest. Other affidavits also show that he made no such claims at the time of the arrest or thereafter.

Section 14106, 3 Comp. Laws 1929, distinctly provides that an attorney engaged in the trial of a cause

shall be exonerated from arrest in any civil suit while going to the place where he shall be required to attend, while in attendance, and while returning therefrom. Section 14107, 3 Comp. Laws 1929, further provides that every arrest made contrary to the foregoing provisions shall be absolutely void. When the trial judge limited his reasons for dismissing the *capias* to the fact that the statutes and the law authorizing the issuance of such a writ had not been complied with, his failure to decide whether Mudge was improperly arrested because of the alleged claim that he was returning from the trial of a cause might have been due to the fact that the judge believed it unnecessary to decide that question, or else because the evidence did not support Mudge's claim. The affidavits of the officers, together with the two other supporting affidavits, contradict Mudge's claims. We are further impressed by the fact that Mudge attempted to secure his release immediately after his arrest by tendering a bond which was refused by the sheriff; that upon its refusal, he went into court and unsuccessfully sought to compel its acceptance by mandamus; and that he finally procured his release by giving a new bond. Yet, during all these proceedings, and for almost an entire year thereafter, he made no claim whatsoever that he was returning from the trial of a cause when arrested. It is but a natural inference that Mudge, who claimed to know his rights, would have availed himself earlier of the claim of immunity, were it well founded. Under the circumstances, the trial judge would have been correct had he ruled that the affidavits and the record showed that Mudge was not entitled to claim immunity on the grounds set forth in his affidavit.

The order of the court setting aside the *capias,* discharging the bond and releasing Mudge from custody is herewith reversed. The arrest was proper, and the bond remains in full force and effect. Plaintiffs will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.