**NATIONAL DISCOUNT CORP. et al.
v. O'MELL.**

No. 11299.

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1952.

Louis Rosenzweig, Detroit, Mich., for appellants.

Hugh K. Davidson, Detroit, Mich., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, National Discount Corporation, recovered a judgment in the U. S. District Court against the appellee, Samuel O'Mell, Jr., in the amount of $7,570.24 with costs, under which there was issued body execution, followed by the arrest and imprisonment of the appellee by the United States Marshal. Thereupon, the appellee filed a petition for writ of habeas corpus in the same court. The District Judge entered an order discharging the appellee from custody, from which the Corporation and the United States Marshal have appealed.

The legality of the arrest and imprisonment depends upon the prior proceedings in the District Court in which the money judgment was obtained and body execution

issued. Rule 69, Rules of Civil Procedure, 28 U.S.C.A., provides that process to enforce a judgment for the payment of money shall be a writ of execution, and that the procedure on execution shall be in accordance with the practice and procedure of the State in which the District Court is held, except that any statute of the United States governs to the extent it is applicable. The parties agree that there is no applicable statute of the United States, and that the legality of the body execution depends upon the law of Michigan.

Article 2, § 20 of the Constitution of Michigan provides "No person shall be imprisoned for debt arising out of, or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment." In keeping with this constitutional provision, the Michigan statutes authorize the issuance of a *capias ad satisfaciendum* in tort actions and in the contract actions permitted by the constitution. The issuance of a *capias ad satisfaciendum* in other kinds of contract actions is not only not authorized, but is void as being prohibited by the Constitution. §§ 27.-1503, 27.741, 27.742 M.S.A., Comp.Laws 1948, §§ 623.3, 613.11, 613.12; Lindow v. Mudge, 266 Mich. 11, 253 N.W. 196; Kirker v. Larson, 254 Mich. 648, 236 N.W. 896. Accordingly, the legality of the body execution herein under attack is controlled by the nature of the action in which the judgment was recovered.

The District Judge was of the opinion that the *capias ad satisfaciendum* was not authorized. Appellants apparently concede that the original action was not the kind of a contract action in which a *capias ad satisfaciendum* could issue, but contend that it was an action in tort and that the capias was therefore lawfully issued and executed. This requires an analysis of the complaint. The complaint states that the appellee was the owner of certain automobiles therein specifically described, and that he borrowed from the appellant corporation certain monies on said automobiles in the total amount of $7,095, a specified amount being given with respect to each described automobile; that to secure said loans, the appellee executed chattel mortgages against the automobiles in the amounts set out, together with a chattel mortgage against certain office fixtures in the amount of $100.00; that the appellee had failed and refused to pay the monies borrowed; that the appellant corporation had made demand for the delivery to it of the automobiles and property, which demand had been refused; that the appellee had disposed of and converted the automobiles and property so described to his own use without having paid the mortgages; and that "in addition to the principal amounts above set forth, there is due to the plaintiff interest thereon at the rate of seven (7%) per cent per annum from the date of demand of possession of said automobiles." The prayer merely asked "judgment against the defendant in the amount of Ten Thousand ($10,000.00) Dollars." The opening sentence of the complaint states that the plaintiff "complains of the defendant in a plea of trespass on the case and for its cause of action, says: * * *." Although under Rule 2, Rules of Civil Procedure, there is only one form of action, it is often necessary for the Court to consider the nature of the action in order to determine the proper procedure or the nature or extent of the relief to which the plaintiff may be entitled. For example, the distinction between legal and equitable causes is still preserved with a resulting difference in procedure. Gatliff Coal Co. v. Cox, 6 Cir., 142 F.2d 876; Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393. The selection of what statute of limitations is applicable depends upon the inherent nature of the claim. Williamson v. Columbia Gas and Electric Corp., 3 Cir., 110 F.2d 15, certiorari denied 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407. It at times becomes necessary to determine whether the action is one in rem or in personam. Norrie v. Lohman, 2 Cir., 16 F.2d 355, 358. Also whether an action is one *ex contractu* or *ex delicto* determines whether exemplary damages can be recovered in addition to reasonable compensation. Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956, 961. The nature of the cause of action depends upon the allegations in the complaint considered as

a whole. If the complaint states facts showing that the action is upon a contract, it will be considered as an action *ex contractu* even though the complaint alleges a conversion and seeks remedies *ex delicto*. Parker State Bank v. Pennington, 8 Cir., 9 F.2d 966, 970; Minez v. Merrill, D.C. S.D.N.Y., 43 F.2d 201; Genuine Panama Hat Works, Inc. v. Webb, D.C.S.D.N.Y., 36 F.2d 265, 267. Although the complaint may state that it is an action in tort, as it did in the present case, such an allegation is not controlling, and the Court will determine from the complaint whether the action is one in tort or one in contract. Dallas v. Garras, 306 Mich. 313, 316, 10 N.W.2d 897; Thrift v. Haner, 286 Mich. 495, 497, 282 N.W. 219.

In the present case, the complaint alleges both borrowed money with a refusal to repay and a conversion of the mortgaged property by the appellee. This is indicative of both an action in contract and in tort. Other allegations of the complaint must be looked to to determine its real nature. There is no allegation respecting the reasonable market value of the property alleged to be converted. Damages in an action for conversion depend upon the reasonable market value of the property converted. Maycroft v. Jennings Farms, 209 Mich. 187, 176 N.W. 545. In contrast, the complaint states that there was due from the defendant to the plaintiff the specific amounts shown as having been borrowed on each car, together with interest thereon at the rate of 7%. This indicates a purpose to recover the specific amounts borrowed by the appellee. This is strengthened by the demand of 7% interest, being the interest rate specified by the contract, rather than the legal rate of 5% which would be applicable to a judgment in tort. As was well stated in Minez v. Merrill, supra, 43 F.2d at page 203, "Damages are an essential part of any cause of action, and, in a somewhat nice question of construction like this, the basis on which damages are claimed may well be determinative of the nature of the cause of action which the plaintiff had in mind when he drew the complaint."

In any event, any liability on the part of the appellee necessarily rests upon a breach of duty owed by him to the appellant corporation. That duty arose out of the contract between the parties. The appellant Corporation is in reality seeking to recover for a removal of the automobiles by the appellee in violation of the covenants of the mortgage. Rosenthal & Doucette v. United Last Co., D.C.Mass., 33 F.Supp. 213; Genuine Panama Hat Works, Inc. v. Webb, supra, D.C.S.D.N.Y., 36 F.2d 265, 267. We are of the opinion that the true nature of the action was *ex contractu* rather than *ex delicto*.

Appellants claim that the nature of the action is controlled by the judgment. In this case, attorneys for the appellee entered their appearance as his attorneys of record, but no answer was made to the complaint. On July 19, the Clerk entered an order of default. On August 8, the appellants moved for the entry of a default judgment in the amount of $7,195.00 with interest at the rate of 7% and costs "in accordance with the complaint filed in this cause." On August 14, the District Judge heard one witness, the branch manager for the appellant Corporation in Detroit. This witness stated that the appellant was asking for a judgment only for the amounts called for by the mortgages plus interest as set forth in the mortgages, which was $6,970 principal with 7% interest in the amount of $600.24, making a total amount of $7,570.24. On August 16, the District Judge entered judgment for $7,570.24 together with $17.70 costs. The judgment recited that "the defendant has been guilty of the several acts of conversion charged therein and is liable to the plaintiff for the conversion of the property set forth in the Complaint; * * *" and "It is hereby ordered that the defendant is guilty of the acts of conversion charged against him in said Complaint filed in this cause and judgment be and is hereby entered in favor of the plaintiff." We are of the opinion that the recital in the judgment that the appellee was guilty of conversion is not controlling and does not change the nature of the cause of action as disclosed by the complaint. Rule 54(c), Rules of Civil Procedure, provides "A judgment by default shall not be different in kind from or exceed in

amount that prayed for in the demand for judgment." The rule was well settled even before the adoption of the Rules of Civil Procedure that in rendering a default judgment the Court can only give to the plaintiff such relief as was proper upon the face of the bill. Thomson v. Wooster, 114 U.S. 104, 113–114, 5 S.Ct. 788, 29 L.Ed. 105; Clifton v. Tomb, 4 Cir., 21 F.2d 893, 897; H. Wagner & Adler Co. v. Mali, 2 Cir., 74 F.2d 666, 669. We are of the opinion that the default judgment could not and did not change the nature of the cause of action.

Although the writ of habeas corpus is usually sought and granted in cases involving imprisonment for crime, it is not restricted to such type of imprisonment. It is appropriate procedure in cases involving illegal detention by the Commissioner of Immigration, Gegiow v. Uhl, 239 U.S. 3, 36 S.Ct. 2, 60 L.Ed. 114; improper refusal to grant bail, Zydok v. Butterfield, 6 Cir., 187 F.2d 802; illegal confinement in insanity cases, Overholser v. Boddie, 87 U.S.App. D.C. 186, 184 F.2d 240; improper detention by the U. S. Army, Farley v. Ratliff, 4 Cir., 267 F. 682; unauthorized custody of a child, Fowler v. Bright, D.C.W.D.Wash., 4 F. Supp. 565; and other cases of a civil nature. It is recognized as being an appropriate procedure to test the legality of civil imprisonment based upon a judgment for debt. Although the merits of the judgment can not be reviewed in such a proceeding, the Court can determine whether the order of imprisonment lacks a basis in law and is void. In re George Tyson, 32 Mich. 262; Blake's Case, 106 Mass. 501; Morton's Case, 196 Mass. 21, 81 N.E. 869, 11 L.R.A., N.S., 1087; Eisen v. Zimmer, 254 Ill. 43, 98 N.E. 285; David v. Blundell, 39 N.J.L. 612; Ex parte Teeters, 130 Or. 631, 280 P. 660; Ex parte Davis, 18 Vt. 401; In re Hanson, 36 Me. 425; In re Mowry, 12 Wis. 52.

Appellants contend that a habeas corpus proceeding was not the proper way to raise the issue in the present case. They rely upon In re Joseph, 206 Mich. 659, 173 N.W. 358, where the Court dismissed a habeas corpus proceeding on the ground that the legality of the arrest was reviewable by writ of error. The Court there held that

since the trial court had jurisdiction of both the subject matter and the parties the judgment was not void and was not open to collateral attack in the same court. We recognize the general rule that where a judgment is erroneous rather than void, its validity is subject to review by appeal, but not collaterally by habeas corpus proceedings. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455; Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1558, 91 L.Ed. 1982. However, a void judgment may be so collaterally attacked. Johnson v. Zerbst, 304 U.S. 458, 459, 468, 58 S.Ct. 1019, 82 L.Ed. 1461; Ex parte Nielsen, Petitioner, 131 U. S. 176, 182–184, 9 S.Ct. 672, 33 L.Ed. 118; Ex parte Novotny, 7 Cir., 88 F.2d 72, 74. In Dallas v. Garras, 306 Mich. 313, 10 N.W. 2d 897, the Court held that where a writ of *capias ad satisfaciendum* was issued without legal basis it was absolutely void and subject to attack in a collateral proceeding. In Re George Tyson, 32 Mich. 262, an illegal imprisonment in a civil proceeding was successfully attacked through habeas corpus proceedings.

In re Joseph, supra, was a state court proceeding, in which the federal statute governing habeas corpus proceedings was not involved. The ruling is not controlling in this action brought under the provisions of the federal statute. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188; Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 83 L.Ed. 119. Also, since the adoption of the Rules of Civil Procedure, the procedure and practice of the state court is no longer applicable to proceedings in the federal court. Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479. Under the federal practice we do not believe that an appeal from a default judgment in a sum certain would present for review the legality of the execution. On appeal the question presented is whether the judgment conforms to the complaint. Hopkins v. Mc-Clure, 10 Cir., 148 F.2d 67, 69. The writ of execution is not the judgment. Its function is to make effective the prior judgment of the Court. United States v. Whitehead, D.C.E.D.Ky., 64 F.Supp. 57, 58; Glenn v. Porter, 292 Ky. 719, 722, 168 S.W.2d 32.

It is the rule in the federal courts that if the execution is not in accord with the judgment, the latter may be resorted to on habeas corpus for the purpose of determining whether the detention of the prisoner is lawful. Watkins v. Merry, 10 Cir., 106 F.2d 360, 361; Walden v. Hudspeth, 10 Cir., 115 F.2d 558, 559; Biddle v. Shirley, 8 Cir., 16 F.2d 566. See Howard v. United States, 6 Cir., 75 F. 986, 989. In Wilson v. Bell, 6 Cir., 137 F.2d 716, 721, this Court held that where a sentence is in excess of that permissible by law, the excessive portion of the sentence is open to attack on habeas corpus. See also Ex parte Lange, 18 Wall. 163, 175–178, 21 L.Ed. 872; In re Snow, 120 U.S. 274, 281, 285, 7 S.Ct. 556, 30 L.Ed. 658; In re Bonner, Petitioner, 151 U.S. 242, 256, 14 S.Ct. 323, 38 L.Ed. 149; Dimenza v. Johnston, Warden, 9 Cir., 130 F.2d 465. The question of illegal imprisonment in the present case was properly raised by the habeas corpus proceeding. Hill v. U. S. ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

Judgment affirmed.