Louis B. CLINE et al., Appellants,

v.

Carlisle ROUNTREE, Ind., etc.,
Appellee.

TENNESSEE CENTRAL RAILWAY
COMPANY, Appellant,

v.

Carlisle ROUNTREE, individually and doing business under the trade name of Export Finders Bureau, Appellee.

Carlisle ROUNTREE, Ind., etc., Cross-Appellant and Appellee,

v.

Louis B. CLINE et al., Cross-Appellee and Appellant.

Nos. 12711–12713.

United States Court of Appeals
Sixth Circuit.

Aug. 1, 1956.

C. Vernon Hines, Nashville, Tenn., for Louis B. Cline, and others.

R. C. Boyce, Jr., Nashville, Tenn., for Carlisle Rountree.

Martin & Cochran, Nashville, Tenn., for Tennessee Central Ry. Co.

Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and STARR, District Judge.

PER CURIAM.

The above appeals came on to be heard upon the transcript of the record, the briefs of the parties, and the

argument of counsel in open court. Only the question of damages merits discussion. It appears that appellants Cline and Schweizer, individually and as partners doing business under the name of Cline & Bernheim, converted appellee's property consisting of a railroad shipment of steel which was covered by an "order notify bill of lading" in the amount of $6,250. Appellants, without accepting the shipment on the above terms, wrongfully unloaded it and placed it in their storehouse. Damages in an action for conversion depend upon the reasonable market value of the property converted. National Discount Corp. v. O'Mell, 6 Cir., 194 F.2d 452. The district court found that the fair market value of the property converted was $2,500. There was evidence that appellant Cline had admitted that he had purchased steel of similar kind and character a few months before the conversion at the price of $130 per ton; that in a telephone conversation with appellee shortly before or after the conversion, he stated that he would pay not more than $65 to $75 a ton for the property. The district court found that the reasonable market value was slightly in excess of $70 per ton. Escape from damages cannot be had because of difficulty in making the proof of amount thereof. Only reasonable certainty is required in the assessing of damages. Damages are not rendered uncertain because they cannot be calculated with absolute exactness; it is sufficient if a reasonable basis of computation is afforded, although the result be only approximate; and a defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684. The evidence before the court appears to have been the best available, and appellant partnership is only experiencing the fate of one causing damage incapable of mathematical demonstration.

In accordance with the foregoing, the judgment of the district court is affirmed upon the comprehensive and able opinion of Judge William E. Miller, and upon his memorandum denying appellants' motion for a new trial.