### CATHARINE BRIGGS v. WILLIAM BRUSHABER AND JOHN BRUSHABER.

*Damages for obtaining loan on false security.*

One who is defrauded into lending money on inadequate security is damnified as soon as the loan is made, and in an action for the fraud is entitled to recover the difference between the sum lent and the value of the securities at the date of the loan, and interest thereon from that date.

Final judgment cannot be given by the Supreme Court on findings that do not cover the whole case.

Error to Superior Court of Detroit. Submitted April 13. Decided April 21.

TRESPASS ON THE CASE. Plaintiff brings error.

*Henry M. Cheever* for plaintiff in error.

*George Gartner* for defendant in error.

COOLEY, J. Plaintiff sued defendant for fraud in inducing her by false representations to make a loan to one Ferchow secured by a mortgage on land which was worth much less than the sum loaned upon it. The case was tried by jury, and special findings are returned. The sum loaned was $450, and for this a mortgage for $500 was taken. The mortgagor was irresponsible.

The jury found that the fraud was made out by the evidence, and that plaintiff was entitled to recover. The mortgage, however, had never been foreclosed, and was still in the hands of the plaintiff as an existing security. Under these circumstances, although the jury found the value of the mortgaged premises to be only $250, the court was of opinion that the plaintiff could recover nominal damages only. The view of the judge seemed to be that no actual damages were sustained by the plaintiff, or would be until an attempt to enforce the mortgage had been made, and in whole or in part had proved unsuccessful.

In support of this ruling the case is likened to an action upon a guaranty of collection; but it has no resemblance to such an action. Before suit can be brought on such a guaranty the plaintiff must exhaust his remedy at law, because that is the import of his contract. *Bosman v. Akeley* 39 Mich. 710. But in this case no claim is made upon contract. The plaintiff claims to be damnified by a fraud, and the right to an action is conceded. Nothing is in dispute but the amount of the recovery. We are also referred to *Freeman v. Venner* 120 Mass. 424, as a case in point. That was an action of tort for inducing the promisee of a note to indorse it in blank, by fraudulent representations as to the legal effect of the indorsements; and it was held that the indorser could not maintain the action until he had been damnified by the indorsement. This case also has no analogy to the present. The indorser might never be charged by demand and notice, and if he was the principal might pay the note, and thereby satisfy the indorser's liability. Mean-

time the indorser could lose nothing: a contingent liability was hanging over him, and that was all.

In this case the plaintiff was damnified as soon as the loan was made. She had been induced to part with her money for something of much less value than that which it was agreed she should receive for it. The mortgage was a marketable commodity, and she lost by the fraud itself the difference between the market value of that which she received and that which she was to have under the arrangement. It is true this could not be definitely fixed by the evidence; witnesses might disagree respecting it; the market value of lands might rise afterwards to an extent that would make the mortgage available to its full amount; but there is nothing unusual in contingencies of this sort being involved in litigation and casting uncertainty upon any attempt to do justice. Had the plaintiff been defrauded in the purchase of a horse, similar questions might arise; the plaintiff might gain or might lose by the evidence convincing the jury that the horse was worth less or more than the real market value, and an unexpected rise in horses might save him from any loss at all. But controversies of the sort can only be determined in one way: the jury must judge of the extent of the damage by such evidence of value as the parties may be able to produce, and to postpone a remedy until the time shall arrive when all possibility of error or mistake is precluded, would be grossly unjust and in many cases equivalent to a denial of remedy. The latter might be the case here if the mortgage had been on long time. We think the court erred in limiting the recovery to nominal damages. The plaintiff was entitled to recover the difference between the $450 loaned by her, and the value of the securities which she received therefor, and to interest upon this sum from the time the loan was made.

The plaintiff moves in this court for final judgment on the findings of the jury, and if these covered the whole case we might award it. Unfortunately it does

not appear that in their estimate of the value of the land the jury had in view the time of the loan. The value may have changed materially since that time, and it is possible, if not probable, that the jury made their estimate as of the time of the trial.

The judgment must be reversed with costs and a new trial awarded.

The other Justices concurred.