DANIEL CONDON v. GEORGE HUGHES AND EMMA HUGHES.

*Sale—Contract with minor—Rescission.*

A boy 15 years old purchased a colt with his own earnings, and without warranty. His father, who was absent at the time, was informed of the purchase on his return home, and handled and drove the colt for over two months with full knowledge of all of the facts and circumstances of the case, when, becoming satisfied that he could not cure the animal of a habit of kicking in harness, he tendered it back and demanded the purchase price, which was refused, and he sued to recover the same. And it is held that, if he desired to repudiate the contract and recover the money, he should have made the tender and demand as soon as possible after obtaining knowledge of the transaction, and that, having maintained silence when he should have spoken, the law will not now permit him to speak; citing *Farrington v. Smith,* 77 Mich. 550; *Hall v. Harper,* 17 Ill. 82; *Swartwout v. Evans,* 37 Id. 442; *Weaver v. Ogletree,* 39 Ga. 586; *Burnham v. Holt,* 14 N. H. 367.

Error to Isabella. (Hart, J.) Submitted on briefs June 10, 1892. Decided June 17, 1892.

*Assumpsit.* Defendants bring error. Reversed, and judgment entered for defendants. The facts are stated in the opinion.

*Russell & Sheldon*, for appellants, contended for the doctrine of the opinion.

*Wheaton & Russell*, for plaintiff, contended:

1. The earnings of a minor son belong to the father, unless he has given the son his time and earnings; citing *Allen v. Allen*, 60 Mich. 635.

2. To constitute a sale, there must be a concurrence of the following elements:

    *a*—Parties competent to contract.

    *b*—Mutual assent.

    *c*—A thing, the absolute or general property in which is transferred from the seller to the buyer.

    *d*—A price in money, paid or promised.

    If any of these ingredients are wanting, there is no sale; citing Benj. Sales, § 1; hence in this case, one of the parties not being competent to contract, there was no sale, and nothing to rescind, and the length of time the plaintiff kept the horse is immaterial; citing *Brazee v. Bryant*, 50 Mich. 136.

3. There was evidence both for and against a warranty, and, in support of a judgment, the evidence will be presumed to have been sufficient; citing *Bank v. Bank*, 1 Doug. 457; *Jacobs v. Callaghan*, 57 Mich. 11.

GRANT, J. This suit is brought to recover $100 paid by plaintiff's son, a minor, to the defendants as the purchase price of a colt. The declaration contains a special count and the common counts. The special count is for a breach of warranty. The case was tried before the court without a jury, and judgment rendered for plaintiff.

The material facts as found by the court are as follows: Plaintiff's son was 15 years old at the time of the purchase, and had earned the money by his own labor, with which he purchased the colt. The colt was sold to the son, May 18, 1891, as three years old, wild, and unbroken. Plaintiff was absent at the time of the purchase, and reached home the latter part of June, when he was informed of the purchase. He handled and drove the colt as if she were his own, kept her until the

27th day of August, 1891, when he tendered her back to defendants, and demanded the money his son had paid. The only difficulty with the colt was that she kicked when in harness. Of this the son was informed before the purchase, and the plaintiff was so informed a few days after he returned home. No warranty was made by the defendants.

Under this finding of facts but one question arises, viz., can the plaintiff maintain the suit on the ground that the money paid was the earnings of his son, to which he is legally entitled? It is evident that he would not have repudiated the bargain if the colt had not been addicted to the habit of kicking. He kept her over two months with full knowledge of all the facts and circumstances of the purchase. He only endeavored to repudiate the bargain after becoming satisfied that the defect could not be remedied. He will not be permitted to speculate in this manner upon the contract made by his son. If he desired to repudiate the contract and recover the money, he should have tendered back the colt and demanded the money as soon as possible after obtaining knowledge of the transaction. He maintained silence when he should have spoken, and the law does not now permit him to speak. *Farrington v. Smith,* 77 Mich. 550; *Hall v. Harper,* 17 Ill. 82; *Swartwout v. Evans,* 37 Id. 442; *Weaver v. Ogletree,* 39 Ga. 586; *Burnham v. Holt,* 14 N. H. 367.

Judgment reversed, and judgment entered in this Court for the defendants.

The other Justices concurred.