## WARNES *v.* BRUBAKER.

1. WRITTEN CONTRACT — FRAUDULENT OMISSION — ELECTION OF REMEDIES.

Where part of an agreement is fraudulently omitted in reducing its terms to writing, the defrauded party may treat the contract as valid, and bring an action for the deceit, or may rescind the contract, and recover that with which he has parted; but he cannot maintain *assumpsit* as upon the original parol understanding, especially where the subject-matter is such that a verbal agreement would be void under the statute of frauds.[1]

---

[1] For a similar case, see *Bedier* v. *Fuller*, 106 Mich. 342.

2. APPEAL—ASSIGNMENTS OF ERROR.

    Assignments of error that are not discussed in the appellant's
    brief will be treated as abandoned, notwithstanding the asser-
    tion therein that all of the assignments are relied upon.

Error to Lenawee; Lane, J. Submitted November 21,
1895. Decided December 17, 1895.

*Assumpsit* by John Warnes against David F. Brubaker
upon an alleged contract for the sale of real estate. From
a judgment for defendant on verdict directed by the
court, plaintiff brings error. Affirmed.

*Salsbury & O'Mealey,* for appellant.

*Watts, Bean & Smith,* for appellee.

HOOKER, J. The plaintiff was the owner of certain per-
sonal property, and the defendant owned certain lands
in Ohio and Michigan. Negotiations to trade culminated
in a writing which was signed by the parties. The follow-
ing is a copy:

"ADRIAN, MICHIGAN, March 14, 1892.
  "Article of agreement by and between John Warnes,
of Adrian, Michigan, and D. F. Brubaker, of Ashland,
Ohio, as follows: Said first party hereby sells and de-
livers to said second party his iron-gray stallion and his
two gray mares and one gray horse; one bay colt, three
years old this spring; one bay colt, one year old; one pony;
twelve mules; one cow; one saddle; one cart; one double
set harness for gray mares. For which said second party,
in consideration, sells and conveys his forty-acre farm
in Osceola county, Michigan, free and clear of all incum-
brance, and also the Round Head Lake property, formerly
owned by said first party; also sixty-acre farm in Ashland
county, south of the Pittsburgh & Ft. Wayne Railroad,
and close to Loudenville, Ohio; also to be free and clear,
and abstract furnished. Said first party further agrees
to let second party have full possession of the sixty-acre

farm for the year 1892, up to January 1, 1893; no fall crops to be put out in 1892, to lap over into 1893.

"John Warnes.

"D. F. Brubaker.

"Witness: Dr. C. M. Hettinger."

The land was deeded and personal property transferred accordingly. The plaintiff claims that the land is not worth as much as represented, and in this action claims the right to recover the difference between the actual value and the value represented. He offered to prove upon the trial that, during the negotiations, the defendant said that the Ohio land was worth $2,600, and the Osceola county land was worth $1,200; that all was good farming land; that he (the defendant) was good and responsible; and that he agreed that, if this land was not worth the prices named, he would make it up to the plaintiff in good money, by paying him the difference; and that when the plaintiff proposed to go to town, to have a lawyer draw the writing, the defendant induced him to allow an accomplice to draw it, who fraudulently read the writing as though it contained their stipulation as to the warranty of value and agreement to pay the difference, if any. The testimony was excluded.

The declaration is in *assumpsit*, alleging a contract to sell the land, and a promise to pay the difference in value, if it did not equal the representation, and the conveyance of the premises as part performance, and claims the right to recover the difference under the contract. The common counts are added. It is not contended that this is an action for damages for the deceit, but plaintiff's counsel assert that the fraud of the defendant vitiated the writing, which was no better than a forgery, and that the transaction is left to rest on the preliminary oral arrangement, upon which they base the claim that plaintiff may show the entire consideration for the transfer of his property. The difficulty with this claim is that the oral and the written portions of the transaction are inseparable,

in a sense. The negotiations were had, and they culminated in an attempt to put the conclusion in a writing, which should be the contract, by the plaintiff, at least. If that was not the contract, there was none. It may be said that the parties made orally a different contract, but this is not so, for two reasons: *First*, such contract would have been void under the statute of frauds; and, *second*, neither of them supposed the contract was made, until put in writing. Plaintiff attacks the writing on the ground that it does not contain his understanding of the bargain, and was procured by fraud, and at the same time insists that the defendant agreed upon another oral contract, where defendant's very fraudulent act shows that he did not intend to make such. Evidently, his mind did not meet the plaintiff's upon the common ground of the oral arrangement, and the fact that by subtleness and fraud he made the plaintiff think so does not change the fact, or create a valid oral contract by estoppel, in the face of the statute of frauds and the writing, which conveyed to the plaintiff information that the defendant was relying upon a written contract, and not an oral one. So the plaintiff was required to either accept the written contract, and treat it as valid, or, upon discovery of the fraud, repudiate it, and offer to put the defendant *in statu quo*, relying upon his right of action to obtain damages for the deceit or to recover back the consideration paid, as he might choose the one or the other horn of the dilemma. The case arising upon a written contract is not different from one growing out of a valid oral agreement. So far as the questions here involved are concerned, there is no difference between gaining a party's assent to an oral contract through fraud and obtaining his written assent through similar means. In either case he may repudiate the contract, upon discovery of the fraud, or he may affirm the contract. This is a rule so well settled by our own decisions as not to require the citation of authorities. The question whether

the right to sue for the fraud will be lost by accepting or retaining the goods (*i. e.*, affirming the contract) has been discussed, and the right sustained. It is a common practice. See *Allaire* v. *Whitney*, 1. Hill, 484, 4 Denio, 554; *Carroll* v. *Rice*, Walk. Ch. 373.

This seems to cover all points discussed in the appellant's brief, although it is there said that reliance is placed on each assignment of error. We must, however, treat as abandoned such as do not fall within the discussion of the brief, if there are any such.

Judgment affirmed.

The other Justices concurred.