REED *v.* ISMOND.

CONTRACTS—DECEIT—REMEDY—ASSUMPSIT.

A party who, pursuant to a contract for an exchange of property, accepts a deed to certain city lots specified therein, cannot waive the tort of his grantor in falsely representing that a lot pointed out by him to the grantee was one of the parcels to be conveyed, and maintain *assumpsit* for the value of the parcel shown him, even though he executes and tenders back a deed of the lot actually conveyed.

Error to Eaton; Smith, J. Submitted June 5, 1896. Decided June 30, 1896.

*Assumpsit* by Mary D. Reed against Oscar C. Ismond for the value of a lot alleged to have been fraudulently omitted from a deed. From a judgment for plaintiff, defendant brings error. Reversed.

On April 4, 1895, the plaintiff, being the owner of a stock of goods situated in Eagle, Clinton county, and the defendant, being the owner of certain lots of land in the city of Battle Creek, entered into a written contract, the material part of which reads as follows:

" The said party of the first part agrees to execute and deliver to the said second party, on or before the 11th day of April, 1895, a good, sufficient warranty deed of the following named property, viz. : The north half of lot No. 21, 3 x 8 eight rods, Pascos' addition to Battle Creek City (improved); improved lot number (104) of Roberts' addition to Battle Creek City, now vacant; lot number (54) of Nichols' addition to Battle Creek, Mich.; lot number 50, Frisbie's South Side addition to Battle Creek, Mich. Lot number 50 is subject to a contract of $2,500 dollars, interest 7 per cent. Said $2,500 is due in March, 1896, which the said second party assumes as to its terms. This realty shall be free and clear from all claims what-

ever. If any impossibility to perfect title by first party, then this contract shall be null and void. Abstract of title shall be furnished on all this realty free of cost to second party. The insurance policies on all the property shall be transferred to second party free of cost to second party. For which the second party agrees to give a bill of sale of all the boot and shoe stock, all the grocery stock, also all the hardware stock except buggy axles, situated in the village of Eagle, Clinton Co., Mich.; said goods to be invoiced at cost mark on goods. Said goods are to be free and clear of all and every incumbrance whatever. The consideration of this realty is $5,900, to be paid in the above-mentioned goods."

Prior to its execution, and while negotiations were pending, plaintiff's husband, her agent, went to Battle Creek, to see these lots. Plaintiff claims that the defendant did not in fact show him lot 50, but fraudulently showed him another lot in another part of the city, which was of much greater value than the one described in the contract. Shortly after the contract was executed, the goods delivered, and the deed executed, plaintiff and her husband went to Battle Creek, and then discovered, as they assert, the deception which had been practiced upon them. She then executed and tendered to the defendant a deed of lot 50 as described in the contract, and instituted this suit to recover $2,500, the value of the lot. The suit was brought by attachment. The declaration is in *assumpsit*, and contains two special counts and the common counts. The first special count sets forth the transaction, and alleges that by reason of the premises an action has accrued to her to recover from the defendant the value of the lot so pointed out and shown to her; that he thereupon became and was justly indebted to her in the sum of $2,500 for the reasonable price and value of said lot, subject to such alleged contract, and, being so indebted, then and there undertook and promised to pay the same. The second special count contains a like statement of facts, and alleges the right to recover

the same as the balance due upon the purchase price of the goods. The case was submitted to the jury upon this theory, and a verdict rendered for the plaintiff for the full amount claimed.

*McPeek, Jones & Dann* and *Huggett & Smith*, for appellant.

*Cahill & Ostrander*, for appellee.

GRANT, J. (*after stating the facts*). The position of the plaintiff is that, though the contract described lot 50, yet that was not in fact the land contracted for, but that plaintiff in fact purchased the lot pointed out to her as lot 50; that such representations were warranties, and as such were a part of the contract; and that the tort can be waived, and an action of *assumpsit* maintained. We cannot concur in this view. The case is ruled by *Emerson* v. *Spring Co.*, 100 Mich 133, *Bedier* v. *Fuller*, 106 Mich. 342, and *Warnes* v. *Brubaker*, 107 Mich. 440.

Judgment reversed, and no new trial ordered.

The other Justices concurred.