### WHITE *v.* TAYLOR.

1. CONTRACTS—CONSIDERATION.

Payment of part of the price, and a promise to pay the balance if an option to purchase should be exercised, are a sufficient consideration for a personal agreement by the seller's agent to return the payment with interest if the option should not be exercised.

2. SAME—DECLARATION—COMMON COUNTS.

The common counts constitute a sufficient declaration upon a contract performed by the plaintiff, where nothing remains but the payment of money.

3. SAME—CORPORATIONS — SALE OF STOCK — SUBSTITUTED AGREEMENT.

The president of a corporation who accepts from a prospective purchaser of corporate stock a written contract for the purchase of one share, together with a sum of money to be applied upon the purchase price, may, as a part of the same transaction, consent to the annulment of such contract, and to the substitution of an oral agreement that the payment should be so applied only if an option to purchase two shares should be exercised, and that otherwise it should be returned to the purchaser.

Error to Saginaw; Snow, J. Submitted June 18, 1897. Decided June 28, 1897.

*Assumpsit* by Justus A. White against Orson D. Taylor for money had and received. From a judgment for plaintiff, defendant brings error. Affirmed.

*Frank E. Emerick* and *James H. Davitt*, for appellant.

*John F. O'Keefe*, for appellee.

HOOKER, J. The plaintiff recovered a judgment for $100 against the defendant, upon a claim that he had paid that amount to him under an agreement that he

should purchase from the Columbia River Fruit Company, an alleged Oregon corporation, of which the defendant professed to be president, two shares of the capital stock of said company, of the par value of $800, for the sum of $800, which agreement he asserts was to depend upon his subsequent determination, and that, if he should determine that he did not care to purchase such stock, the money was to be paid back by the defendant. He claims that he made a written contract for one share, and that, after it was signed, an oral agreement as above stated was made for two shares, thus taking the place of the written contract; the number of shares being changed in the writing, which never became operative as a contract. The defendant denies this version of the contract, and produced a writing, signed by the plaintiff, agreeing to take the two shares of stock, and pay therefor the sum of $800 to the company, which is the vendor named in the contract. The plaintiff sued to recover the money paid, and two juries seem to have credited his version. There seems to be no dispute that a valid oral contract might annul a former written one, and that a writing duly signed might remain inoperative until fully sanctioned.

It is contended by the defendant that this oral contract is void, because within the statute of frauds, in that it was not to be performed within one year. We think, however, that all of the evidence shows that it was to be performed within the year.

As to the consideration, the promise, though conditional, and the payment of $100, was sufficient consideration for a promise by defendant to repay it with interest if the plaintiff should elect to abstain from a purchase of stock.

The common counts constitute a sufficient declaration upon a contract performed by the plaintiff, where nothing remains but the payment of money. Numerous decisions of this court sustain this proposition.

To the contention that this money was not paid to the defendant individually, but as agent for the fruit com-

pany, it is sufficient answer that the jury found otherwise, under an instruction that, if it was paid to and received by him as agent, plaintiff could not recover. It was competent for the defendant to agree personally to refund this money if he chose to do so. The jury have found that he did.

Counsel contend that this money, being paid upon the written contract, became the money of the company, and that the subsequent agreement, if made, did not have the effect of divesting the company of it. The plaintiff's claim is that this was all one transaction, and we have no hesitation in saying that this alleged president had power to annul the old contract by making a new one, in which case the company would have no claim to the money, and he would have no right to pay it to them. But, as already said, his agreement to repay, if personal, did not permit his liability to depend upon what he saw fit to do with the money. The charge was clear, and the evidence seems to justify the jury in their conclusion.

The judgment is affirmed.

The other Justices concurred.