## REYNOLDS v. CAVANAGH.

1. Assignments—Judgment—Conversion—Action on the Case.
   Where the proceeds of a judgment were not converted by defendants until after the judgment had been assigned by the judgment creditor to plaintiff, an objection by defendants that the action on the case for its conversion is not assignable is without merit.

2. Wrongful Conversion — Law Partners — Dissolution of Partnership—Time.
   Where attorneys, who had been law partners, were sued for the wrongful conversion of a judgment recovered by them during their partnership, and they defend on the ground that they held a lien on the judgment for their services and that all over their lien has been tendered, the date of the dissolution of the partnership with reference to the time of collecting the judgment and disposing of its proceeds is immaterial.

3. VERDICT—ENTRY—CLERICAL ERROR—CORRECTION.
   The entry of the verdict in form as in assumpsit in an action
   on the case, being a clerical error, may be corrected at the
   next term.

Error to Calhoun; Winsor, J. Submitted February
10, 1905. (Docket No. 138.) Decided March 21, 1905.

Case by Eliza Reynolds against Howard W. Cava-
nagh and Charles R. Mains for wrongfully converting a
judgment. There was judgment for plaintiff, and defend-
ant Cavanagh brings error. Affirmed.

*Howard W. Cavanagh* (*John Patterson*, of counsel),
for appellant.

*L. B. Tompkins* and *W. S. Powers*, for appellee.

MCALVAY, J. Defendants were attorneys at law, and
as such were employed by plaintiff's assignor, Alice Ma-
son, to prosecute a certain claim against one .Wakelee.
Suit was brought by these attorneys, and a judgment re-
covered against George Howes, trustee of said Wakelee,
for $500 damages and costs of suit. That case was ap-
pealed to this court by defendant, and judgment affirmed.
*Mason* v. *Howes*, 122 Mich. 329. It is admitted that this
judgment and costs, amounting to $651.52, was after-
wards paid in full; $147.74 being paid on the order of this
plaintiff, and the balance, $503.78, was paid to defendant
Cavanagh, who turned it over to defendant Mains.
   Plaintiff is the sister of said Alice Mason, and had loaned
her $500, taking as security therefor an assignment of
the said judgment against George E. Howes, trustee of
Clement Wakelee. After demand in writing for the
amount claimed, she brought this suit against both Mains
and Cavanagh. Plaintiff claimed that she was present
when Mrs. Mason made an agreement with defendant
Mains to take the case for $50. Defendants claim that
they took the case on an agreement that they were to re-

ceive 50 per cent. of the judgment.    This is the principal dispute as far as the facts are concerned.

The action is trespass on the case and the declaration is in four counts.    At the close of plaintiff's case defendant Cavanagh moved for judgment for defendants, for the reason that the declaration is in trover, and under the proofs no recovery could be had.    This motion was denied, but renewed again at the close of the case.    The court held the motion good as to three counts, and submitted the case to the jury; the fourth count being held good as a declaration in an action of trespass on the case. Defendant Cavanagh further moved for a judgment on the ground that the fourth count in the declaration is in trespass on the case, and such action is not assignable. This motion was denied.    Three counts of the declaration were in trover, the fourth in trespass on the case.

This plaintiff was the bona fide assignee for value of this judgment obtained against Howes, trustee of Wakelee. The first assignment was made September 29, 1898, the day after the judgment was obtained; and the other February 23, 1900.    The first assignment was drawn by the defendants with full knowledge of the transaction, and is in the handwriting of one of them.    This judgment belonged by assignment to the plaintiff in this suit at the time it was paid to defendants, and they received plaintiff's money.    If it has been wrongfully withheld, the injury has been done to plaintiff.    No assignment of any right of action in tort has ever been made, and no right of action has been assigned since the right of action accrued in this case.    Plaintiff's assignor never had any right of action against these defendants.    No money came into their hands until after she had sold the judgment to the plaintiff, who took subject to the equities between the parties. There was no error in refusing these motions.    The fourth count of the declaration sufficiently stated a case, and the question of assignment of a right of action in tort was not in the case.

The jury found a verdict generally against both defend-

ants, and specially, in answer to a question by defendant Cavanagh, that the assignment of the judgment to plaintiff occurred after January 9, 1900. It is claimed that this special verdict is inconsistent with the general verdict, which should, for that reason, have been set aside by the trial court.

The law partnership between defendants expired about January 1, 1900. This date was not material to this issue. Both defendants claimed a lien upon this fund by reason of services rendered as attorneys, and there was no dispute in the case but that they were entitled to receive something, the amount depending upon what was found to be the agreement for services; and this plaintiff, having bought the judgment subject to defendants' charges for services, must allow whatever is found to be due them. The testimony without dispute shows that defendant Cavanagh, as attorney for plaintiff, collected and receipted for this judgment January 9, 1900, that this was in a case where Mains and Cavanagh had been attorneys of record, and had performed the services for which they claim a lien should be given in this suit; that Cavanagh turned this money over to Mains; and both these defendants, by their pleas, claim that the money is simply held subject to said lien.

These defendants appeared separately, and each gave a notice with his plea of the general issue; Cavanagh claiming that he paid over this money to Mains at the request of plaintiff and Mrs. Mason, which was considered a full release as to him, and, further, that they did so claiming they could settle with Mains, as Cavanagh did not understand the arrangement; also that the partnership was dissolved before that date; also that he claimed an attorney's lien on this fund, and that all balance has been tendered to plaintiff. Defendant Mains, in his notice, denied that plaintiff had any right to the proceeds of the judgment, as the assignment to her was for the purpose of defrauding creditors of Alice Mason; that the suit was to blackmail defendant, and defeat his just dues as attorney; that the

money is held by him for both defendants by reason of a lien for their services and advances. . Upon this trial Mains did not appear. Defendant Cavanagh defended for himself alone. Under the issue as framed by the defendants, the date of the dissolution of the partnership was immaterial. All of the questions properly raised by these notices were considered by the court in submitting the case to the jury, as favorably to the defendants as the testimony would warrant. The jury found for plaintiff upon evidence warranting such finding.

The verdict was entered in form as in assumpsit. On motion of plaintiff this was at the next term of court corrected, and a judgment was then entered in due form upon the corrected verdict. Error is assigned as to this correction. The court was not in error. This was a clerical error, and it was properly corrected, on motion duly noticed, to accord with the facts.

The motion for a new trial was based upon the claimed errors already considered. The court did not err in denying said motion.

The judgment is affirmed.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.