FORSYTHE *v.* WASHTENAW CIRCUIT JUDGE.

1. JUDGMENT—RECORD—ASSUMPSIT—AMENDMENT.
   The incorrect entry of a judgment in tort as a judgment in assumpsit was open to amendment under 3 Comp. Laws, § 10270 (5 How. Stat. [2d Ed.] § 12971).

2. EXECUTION—SHERIFF—INDORSEMENT.
   The court is authorized to permit the sheriff, who has omitted to indorse on a writ of execution the date of its receipt or delivery to him, to make the correction after return *nulla bona.*

3. ARREST—CIVIL PROCESS—CAPIAS AD SATISFACIENDUM.
   Although an action of tort may have been instituted by summons instead of a capias, the plaintiff does not thereby lose his right to the writ of *capias ad satisfaciendum* after judgment.

Mandamus by Allen G. Forsythe against Edward D. Kinne, circuit judge of the county of Washtenaw, to compel respondent to vacate a writ of *capias ad satisfaciendum.* Submitted April 1, 1914. (Calendar No. 26,128.) Writ denied June 1, 1914.

*Byron J. Corbin* and *Frank E. Jones,* for relator.

*Cavanaugh & Burke,* for respondent.

BROOKE, J. Relator prays for the issuance of a writ of mandamus against respondent requiring him to recall and quash a writ of *capias ad satisfaciendum.* The antecedent facts are briefly as follows: One Della Anthony brought suit against relator and another in an action of trespass upon the case. The suit was commenced by a summons, and the declaration charged relator with fraud. Under a plea of the general issue, the parties went to trial, and a judgment was rendered against relator on the 27th day of Octo-

ber, 1913. On the 24th day of November, 1913, an execution was issued upon said judgment, made returnable January 15, 1914. Under date of January 10, 1914, the sheriff returned the execution *nulla bona*. On January 12, 1914, a writ of *capias ad satisfaciendum* was issued, although the record is silent as to the application therefor. The relator was arrested upon said writ and on January 13, 1914, gave a bond in the penal sum of $7,500 to the jail limits of the county of Washtenaw. On January 19th relator made a motion for an order recalling and quashing said writ of *capias ad satisfaciendum,* based upon the following grounds:

"*First.* That the said writ was issued without warrant or authority in law therefor.

"*Second.* That the plaintiff in the above case had waived the tort, if any, set up and complained of in the declaration in said cause, and had taken and accepted a verdict of the jury therein in assumpsit on contract.

"*Third.* That, at the time of the issue of the said writ of *capias ad satisfaciendum,* no judgment had been made and entered in said cause.

"*Fourth.* That no writ of execution had been issued in said cause and returned unsatisfied previous to the issuance of the said writ of *capias ad satisfaciendum.*

"*Fifth.* That there is no order or authority in said cause for the issuance of said writ.

"*Sixth.* That there is no order in connection with said writ to hold to bail the defendants.

"*Seventh.* It does not appear from the said writ that any judgment has been entered in said cause and the amount thereof so that the amount of bail under said writ may be determined."

The action of the trial court in refusing to grant the order is reviewed in this proceeding. Relator discusses several minor questions arising antecedent to the issuance of the *ca. sa.* These relate to the form in which the verdict was originally entered and its amendment under the authority of the court and to

the failure of the sheriff to note upon the *fi. fa.* the date of its receipt by him.  It appears from the return that the verdict was taken in due form by the clerk of the court, but that an inexperienced deputy incorrectly entered it as a verdict in assumpsit instead of one in tort.  By direction of the court the entry of the verdict was amended to conform to the fact.  The amendment was properly made.  *Reynolds* v. *Cavanaugh,* 139 Mich. 387 (102 N. W. 986).  See 3 Comp. Laws, § 10270.

On March 2, 1914, Leo J. Kennedy, deputy sheriff, filed an affidavit in the cause stating that he had received the writ of execution on the 24th day of November, 1913, and asking for leave to indorse such receipt upon the writ; the same having been omitted through an oversight.  This, in our opinion, was properly permitted by the court.  *Shepard* v. *Schrutt,* 163 Mich. 485-490 (128 N. W. 772).  The meritorious question raised by this application is the first one, "that the said writ was issued without warrant or authority in the law therefor."

It is the claim of relator that plaintiff, Della Anthony, having commenced her action by summons instead of by a *capias ad respondendum,* as she might have done under section 9996, 3 Comp. Laws, is now precluded from having recourse to a writ of *capias ad satisfaciendum,* although she would have been entitled to the latter writ had she used the more rigorous process as commencement of suit.  The precise question seems never to have been raised in this court.

3 Comp. Laws, § 10301, provides:

"Such execution may be either:  (1) Against the goods and chattels, lands and tenements of the party against whom such judgment was recovered; or (2) against the body of such party, in the cases authorized by law."

The statutes are silent as to the cases in which a body execution may issue in this State.  It is there-

fore necessary to determine the question from an examination of the precedents arising under the common law.

In an early case *(Fuller* v. *Bowker,* 11 Mich. 204), Justice CHRISTIANCY used the following language at page 210:

"We understand the common-law rule to have been that a *capias ad satisfaciendum* could be issued in those cases, and those [cases] only, in which the suit might have been commenced by *capias ad respondendum,* or, in other words, when the latter was the immediate process upon the original writ. The only exception to this seems to have been when the defendant was an attorney or officer of the court; in such case he might be taken in execution, though sued by bill. 2 Arch. Pr. 276. Originally the *capias ad satisfaciendum* lay at common law only in trespass *vi et armis.* But as statutes were subsequently passed, giving the *capias ad respondendum* as the mesne process in other cases, the *capias ad satisfaciendum* was held to follow, as a common-law incident. But in no case was the latter allowed without the former unless directly authorized by statute. 1 Sellon's Pr. 513; Comyn's Dig. Execution, c. 9; Tomlin's Law Dict. title 'Capias;' 1 Arch. Pr. 276."

In 1 Sellon's Practice, p. 513, cited by Judge CHRISTIANCY, it is said:

"A *capias ad satisfaciendum,* by the common law, lay only in trespass *vi et armis,* being a direct and wilful wrong, and wherein the *capias ad respondendum* was the immediate process upon the original writ. But several statutes having given the process of *capias ad respondendum,* as the mesne process upon the original writ in other personal actions, than those committed *vi et armis,* the *capias ad satisfaciendum* has become an executory process in them also, it being held as a rule that, where a capias lies in process before judgment, it will lie in execution upon the judgment itself."

In 1 Burrill's Practice, p. 308, we find the following:

"It may be considered a general rule, that a *capias*

*ad satisfaciendum* will lie in all cases where a (bailable) *capias ad respondendum* might have been used as the process to bring the defendant before the court"—citing 1 Arch. Pr. 303.

In 1 Tomlin's Law Dictionary, at page 287, after describing the writ, the writer says:

"Properly speaking, this writ cannot be sued out against any but such as were liable to be taken upon the capias mentioned in the preceding article"—citing 3 Rep. 12; M. O. 767. See, also, 2 Tidd's Practice (2d Am. Ed.), p. 1025; Graham's New York Practice, p. 410.

In 4 Comyn's Digest, at page 228, we find the following:

"So execution may be by *capias ad satisfaciendum* against the body of the defendant in all cases where a *capias ad respondendum* lies in process."

Our Constitution, art. 2, § 20, provides:

"No person shall be imprisoned for debt arising out of or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment. No person shall be imprisoned for a military fine in time of peace."

It is obvious that the plaintiff in the principal case might have proceeded against relator under the Constitution as well as under the statute cited, *supra,* by causing to issue a writ of *capias ad respondendum* as commencement of suit. Should she now be deprived of her right to the writ of *ca. sa.* because of having chosen the less drastic writ for her mesne process? We are of the opinion that she should not.

In the case of *Hunt v. Burdick,* 42 Vt. 610, it is said:

"There is nothing in our statutes or practice that requires the establishment of a rule that the plaintiff in an action of tort shall be deprived of the right, which the law gives him, of taking an execution

against the body of the judgment debtor, because he omits to issue his original writ against the body. What operates so manifestly as matter of ease and favor to the defendant, ought not to be the ground of forfeiture of the rights of the plaintiff."

The case of *Lapham* v. *Oakland Circuit Judge*, 170 Mich. 564 (136 N. W. 594), cited on behalf of respondent as authority, is not controlling for the reason that in that case the question considered was only whether the body execution had been seasonably issued. The basic right of the plaintiff to the writ was not questioned.

The writ is denied.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.