BURCHY *v.* CARPENTER.

1. PLEADING—FRAUD—COMMON COUNTS—WAIVER OF TORT.
    Damages for fraud and deceit are not recoverable under the common counts; a special count is necessary under the statute authorizing plaintiff to waive the tort and sue in assumpsit. 3 Comp. Laws, § 10421 (5 How. Stat. [2d Ed.] § 13954).

2. FRAUD—DAMAGES—PLEADING.
    A plaintiff who claims that he loaned the defendant $300 on a land contract which defendant falsely represented to be worth about $700, cannot recover more than the amount of his loan, in an action of assumpsit: a verdict directed for defendant was proper and will not be reversed on error where the appellant sought to recover a larger amount in damages, without asking to amend his declaration.

Error to Genesee; Wisner, J. Submitted April 21, 1914. (Docket No. 93.) · Decided June 1, 1914.

Assumpsit by August Burchy against Edbert M. Carpenter for fraud. Judgment for defendant. Plaintiff brings error. Affirmed.

*George F. Brown,* for appellant.
*Lee & Parker,* for appellee.

OSTRANDER, J. In December, 1911, upon an affidavit which states that his demand, which is for $700, arises upon an express and implied contract, and that he believes with good reason that defendant is about to dispose of his property with intent to defraud his creditors, the plaintiff procured a writ of attachment. Whether it was levied upon property does not appear. He declared upon the common counts in assumpsit. With the plea of the general issue defendant gave notice of special matters of defense. At the trial plaintiff produced testimony tending to prove the following facts: In October, 1911, he owned certain real estate which he desired to sell and brought to the notice of defendant, a real estate man. He concluded with defendant a transaction according to which he transferred to defendant by warranty deed the said real estate, lent him $300 in cash, and took from him an assignment of a land contract for the purchase and sale of some land at Lake Orion, upon which, defendant represented, a cottage was being erected and would be completed, that the said cottage cost $700, and that he had been offered $350 for two adjoining lots. Defendant further represented, in writing, that there was due upon the contract the sum of $700. Plaintiff also took a deed of the property, which he sought, unsuccessfully, to have recorded. Record was refused, he says, on account of unpaid taxes. The defendant said that, at any time plaintiff was dissatisfied, "I have got your money ready for you;" that the money would be ready in January. Plaintiff ascertained that the Lake Orion lots were practically worthless and no cottage was being erected upon them. They were submerged; only a small portion being above water. The lot he deeded to defendant was worth, with appurtenances, $400 or more. Plaintiff had owned it for some 10 days. It was valued for taxation at $200, and there was a sidewalk tax of $56 assessed against it which

defendant agreed to pay. After discovering the true situation, plaintiff applied to defendant for his money and was refused. Plaintiff did not tender a reassignment of the land contract or a deed of the Lake Orion land. There was a demurrer to plaintiff's evidence, and a verdict was directed for defendant. A new trial was refused.

I have had, and the trial judge appears to have had, difficulty in ascertaining the theory according to which the plaintiff seeks a recovery. He says he held the land contract and deed given him by defendant as security for the payment of $700. He claims to have been defrauded and to rely, as to his form of action, upon 3 Comp. Laws, § 10421, which permits assumpsit to be brought to recover damages for fraud and deceit. He relies upon the principle applied in *Briggs* v. *Brushaber*, 43 Mich. 330 (5 N. W. 383, 38 Am. Rep. 187). See, also, *Short* v. *Cure*, 100 Mich. 418 (59 N. W. 173) ; *First Nat. Bank of Ovid* v. *Steel*, 146 Mich. 308, 314, 315 (109 N. W. 423) ; 20 Cyc. p. 91; *Id.* p. 140. He cites also cases holding that when a contract has been performed by one party and nothing remains to be done, but to pay money by the other party, the money may be recovered under the common counts in assumpsit. *White* v. *Taylor*, 113 Mich. 543 (71 N. W. 871). He cites, also, *Tatro* v. *Brower*, 118 Mich. 615 (77 N. W. 274), holding that damages for breach of an express warranty may sometimes be recovered in assumpsit. In concluding his main brief, the statement is made that:

"The lower court appeared to disregard the fact that this was an action purely for money had and received from the plaintiff, which was to be paid back to the plaintiff, as shown by the testimony in the case, and lost sight of the implied contract that arose by reason of misrepresentations and fraud, which induced the plaintiff to part with his money, that it belonged to him, and should have been returned."

To the remark of the trial court that no attempt appeared to have been made to rescind the contract, it was replied, among other things, "We have not got a contract."

In plaintiff's reply brief I find the following:

"The cases cited by defendant (*Hakes* v. *Thayer,* 165 Mich. 476 [131 N. W. 174]; *Mestler* v. *Jeffries,* 145 Mich. 598 [108 N. W. 994]; *Warnes* v. *Brubaker,* 107 Mich. 440 [65 N. W. 276]; *Emerson* v. *Spring Co.,* 100 Mich. 127 [58 N. W. 659]), bearing upon the question of purchaser of property have the right to rescind the contract and sue for breach of warranty or fraud, has no application to the case at bar, for the reason that in this case the plaintiff has made no attempt to rescind the contract, but has affirmed the same and has sued for the damages he has sustained by reason of fraudulent representations.

"The statement by the defendant that the plaintiff claims a judgment for the whole $700, is not shown by the record, and, if such was the case, it would be a matter for the jury to determine upon its submission to them by the court after hearing the proof as to the value of the property held by him and deducting the same from the loan."

The reply brief concludes:

"The testimony as submitted in this case establishes a loan of money by the plaintiff to the defendant, and the plaintiff was entitled to his money, and when he discovered fraud, had a right to sue for the amount of damages that he is entitled to by reason of such indebtedness, as was held by *Angell* v. *Loomis,* 97 Mich. 5 (55 N. W. 1008); *Harty* v. *Teagan,* 150 Mich. 75 (113 N. W. 594); *Johnson* v. *Insurance Co.,* 39 Mich. 33; *Briggs* v. *Brushaber,* 43 Mich. 330 (5 N. W. 383, 38 Am. Rep. 187); *Wegner* v. *Herkimer,* 167 Mich. 587 (133 N. W. 623); and various other cases bearing upon this question as cited in former brief."

And finally:

"We submit that the plaintiff was entitled to submission of his right under the declaration to the jury,

upon the question of how much defendant was owing him by reason of the money advanced, less the amount he had received towards the payment thereof."

In view of the facts (1) that plaintiff did not ask to amend his declaration, (2) that under the declaration as framed he cannot recover damages for fraud and deceit, but for that purpose must employ a special count, (3) that he could have recovered for money had and received, upon any theory, no more than $300, which evidently is not his idea of a proper recovery, I think the judgment must be affirmed, without prejudice to plaintiff's right to begin a new suit.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.