ROSZCZEWSKI v. JOZWIAK.

1. FRAUD—VENDOR AND PURCHASER—DUTY TO RESCIND PROMPTLY.
    After purchasers of a farm learned that they had been defrauded, it was their duty, if they intended to rescind, to do so promptly, and to refrain from doing anything inconsistent with the ownership of the vendors.

2. SAME—RESCISSION—WAIVER.
    Fraud of the broker in misrepresenting to plaintiffs the quality of the soil of a farm sold to them and as to what constituted the farming tools which they were to receive with it, was waived by the conduct of plaintiffs in continuing in possession several months after they learned that they had been defrauded, and in deliberately selling the personal property received by them as part of said purchase.

3. SAME—EVIDENCE—DIRECTED VERDICT.
    Where, in an action for damages based on the alleged fraud of the broker in the sale of a farm to plaintiffs, they admitted that they left the farm because of disagreements among themselves, because of lack of funds to meet the payments, and because of their ignorance of the methods of farming in this country, and where they

On waiver of purchaser's right to rescind contract for purchase of real property, see note in 30 L. R. A. (N. S.) 873.

further admitted their willingness to retain 40 of the 100 acres sold to them, they were not entitled to go to the jury on the question of fraud.

Error to Wayne; Jayne (Ira W.), J.     Submitted October 18, 1923.     (Docket No. 50.)     Decided December 20, 1923.

Case by Bronislaw Roszczewski and others against John F. Jozwiak and others for fraud in the sale of real property.     Judgment for plaintiffs.     Defendants bring error.     Reversed.

*Joslyn, Finkelston, Lovejoy & Chilson,* for appellants.

*Lynn M. Johnston* and *Earl I. Heenan,* for appellees.

BIRD, J.     The plaintiffs, two brothers and their wives, purchased from defendants, John and Frances Jozwiak, through Kubisz, their broker, on October 8, 1917, a farm of 100 acres, situate in the township of Shelby, Macomb county, for a consideration of $13,000.     The consideration included certain live stock, growing and harvested crops and farm tools. They paid about $3,000 on the contract and then defaulted in their payments.     They moved off from the place after selling certain personal property, and resumed their residence and work in the city of Detroit. This suit was instituted for damages on account of fraudulent statements made by the broker, and was tried as though they had affirmed the sale and were suing for damages on account of fraudulent statements with reference to the quality and price of the property, although the allegation of the declaration was that plaintiffs had rescinded and demanded a return of the money paid thereon.     Other damages were also alleged.     The jury returned a verdict in their behalf of $1,500.

At the close of plaintiffs' testimony defendants moved for a directed verdict, on the ground, among others, that no fraudulent representations had been shown, but this motion was denied.    While there are several errors assigned we think a consideration of this one will dispose of the case.

It appears that the purchase was made in September, 1917, and that plaintiffs and their wives moved on to the farm at once, one brother taking charge of the farm and the other continuing his work in the city of Detroit.    They remained on the farm about 6 months and then abandoned it and went back to their former work in Detroit.    Their claims of fraud are made up largely of opinions and puffing by the broker, Kubisz.    There is, however, some testimony as to statements of the broker as to the quality of the soil and what constituted the farming tools, which were shown to be false, and which might furnish a support for the verdict were it not for certain statements and conduct on the part of plaintiffs after they knew they had been defrauded.    It appeared in the testimony that after they knew they had been defrauded they remained on the farm for several months and deliberately sold the live stock and tools and, in fact, all of the personal property which they could sell.    It was the duty of plaintiffs, after they learned they had been defrauded, if they intended to rescind, to do so promptly.    *Dunks* v. *Fuller*, 32 Mich. 242; *Farrington* v. *Smith*, 77 Mich. 550; *Dailey* v. *King*, 79 Mich. 568; *Condon* v. *Hughes*, 92 Mich. 367; *Wylie* v. *Gamble*, 95 Mich. 564; *Bedier* v. *Fuller*, 106 Mich. 342; *Warnes* v. *Brubaker*, 107 Mich. 440; *Reed* v. *Ismond*, 110 Mich. 16.

It was also their duty, after they became aware that they had been defrauded, to do no act concerning the property purchased which would be inconsistent with the ownership of the vendors.    The following is a statement of the rule in such cases:

"The party who has been induced to enter into a contract of sale by fraud or misrepresentation may ratify the same either by express words or by conduct which unequivocally shows that he elects to treat the contract as yalid.     Thus, if such party, with full knowledge of the facts, proceeds to assert his rights acquired by virtue of the contract, as where the purchaser pays the price after he has knowledge of the fraud, or takes and retains possession of the property, or sells, attempts to sell, or leases the land acquired under such contract, or does other unequivocal acts showing that he intends to stand by the contract, such conduct prevents him from subsequently avoiding the contract for fraud or misrepresentation." 39 Cyc. p. 1293.

In *Draft* v. *Hesselsweet*, 194 Mich. 604, this court held that where plaintiff made payments upon a purchase after he knew he had been defrauded, he waived his right to rescind on the ground of fraud, citing, *State Bank of Iowa Falls* v. *Brown*, 142 Iowa, 190 (119 N. W. 81, 134 Am. St. Rep. 412) ; *Ruhl* v. *Mott*, 120 Cal. 668 (53 Pac. 304) ; *Lee* v. *McClelland*, 120 Cal. 147 (52 Pac. 300) ; *Annis* v. *Ferguson*, 84 S. W. 553 (27 Ky. Law Rep. 56) ; *Hurt* v. *Miller*, 95 Va. 32 (27 S. E. 831) ; *McQueen* v. *Burhans*, 77 Minn. 382 (80 N. W. 201) ; *Bennett* v. *Hickey*, 112 Mich. 379, 382; *Speicher* v. *Thompson*, 141 Mich. 654; *Parkyn* v. *Ford*, 194 Mich. 184.

But aside from this question we think the admissions of the plaintiffs themselves upon the trial showed that they did not leave the place on the grounds alleged in the declaration, but they left the farm because they fell into disagreement among themselves, and because of their lack of funds to meet their payments, and their ignorance of the methods of farming in this country.     It also developed upon the trial from the admission of the plaintiffs that notwithstanding their claims with reference to the misrepresentation and fraud in the sale they were willing to retain 40 acres

of the 100.    We think there was no such showing made by the plaintiffs as entitled them to go to the jury upon the question of rescission for misrepresentation and fraud, and the motion of defendant for a directed verdict should have been granted.

The judgment will be reversed, but without costs.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.