HOVEY v. PLESUM.

VENDOR AND PURCHASER—FRAUD—WAIVER.
  Assignee of vendee's interest in land contract for sale of hotel, having knowledge of facts but making no claim of fraud and making no attempt to rescind on that ground for about five years, waived its right to avoid the contract on ground of fraud, if any.

Appeal from Wayne; Murphy (Alfred J.), J. Submitted April 9, 1930. (Docket No. 37, Calendar No. 34,874.) Decided June 2, 1930.

Bill by Frank D. Hovey and another against Arthur Plesum and Wark-Gilbert Company, a Michigan corporation, to compel specific performance of a land contract. From a decree dismissing the bill, plaintiffs appeal. Reversed.

*Kenneth M. Stevens,* for plaintiffs.

*James Gibbons,* for defendant Wark-Gilbert Company.

FEAD, J. This is a suit to require defendant Wark-Gilbert Company to specifically perform a land contract.

In 1920 plaintiffs sold the Eldorado Hotel on contract. Defendant Plesum bought the vendee's equity in 1922, and a new contract was executed to him. In December, 1923, Plesum traded his equity to Wark-Gilbert Company for apartment houses. Defendant company took immediate possession of the hotel, made extensive alterations, changed the name to Avalon, and operated it until a receiver was appointed in this suit in 1929. In September, 1923, a bill of complaint had been filed to close the hotel as a public nuisance, because of its use in the sale of intoxicating liquor. Neither plaintiffs nor Plesum had informed Wark-Gilbert Company of the pendency of the suit. The latter discovered the action on July 2, 1924, its attorney arranged with the authorities to withhold further proceedings for a time, and, on December 2, 1924, the suit was dismissed by consent. Through almost the whole period of occupancy, Wark-Gilbert Company was in arrears in its payments, and much correspondence ensued in which plaintiffs urged payment and defendant promised it. In July, 1927, notice of forfeiture was served on defendant company, but no further proceedings were had, and some payments on the contract were made and accepted thereafter.

The defense of Wark-Gilbert Company is that it was defrauded in the purchase, in that plaintiffs and Plesum failed to notify it of the pendency of the nuisance proceedings and that Plesum misrepresented the income of the hotel. We need not discuss the evidence of fraud. Wark-Gilbert Company

made no claim, either to plaintiffs or to Plesum, that it had been defrauded, nor did it demand or tender rescission until after this suit was begun in 1929. It had full knowledge of the claimed fraud in July, 1924. Not having rescinded within a reasonable time after discovery of the fraud, if there was fraud, it waived the right to avoid the contract on that ground. *Van Scherpe* v. *Ulberg,* 232 Mich. 699; *Roszczewski* v. *Jozwiak,* 225 Mich. 670; *Draft* v. *Hesselsweet,* 194 Mich. 604.

Decree for defendant will be set aside, and one entered in this court in favor of plaintiffs and against Wark-Gilbert Company for specific performance of the contract, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.