KIRKER v. LARSON.[1]

EXCHANGE OF PROPERTY—FRAUD—MEASURE OF DAMAGES.
  In suit for fraud in exchange of equities in real estate, where
    defendant represented that. farm conveyed to plaintiffs was
    worth $42,000, and that it was good security for vendors' land
    contract thereon for $30,000, when in fact its actual value
    was only $24,000, judgment for $10,500, based on difference
    between actual value of farm and represented value less other
    consideration received, is erroneous, and judgment is affirmed,
    on review, on condition that it be reduced by plaintiffs to
    $6,000.

Error to Wayne; Moll (Lester S.), J.  Submitted
June 18, 1930.  (Docket No. 122, Calendar No.
35,065.)  Decided December 2, 1930.

[1] See another phase of this case reported in 254 Mich. 648.

Case by John G. Kirker and another against Clarence E. Larson for fraudulent representations inducing exchange of equities in real estate. From judgment for plaintiffs, defendant brings error. Affirmed on condition that plaintiffs file remittitur.

*Lynch & Hinks,* for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg (Joseph B. Beckenstein,* of counsel), for defendant.

WIEST, C. J. The parties exchanged equities in real estate. This suit was brought to recover damages for false and fraudulent representation by defendant of the security his equity in a farm afforded a vendors' land contract plaintiffs were induced to take. Plaintiffs had judgment upon findings of fact and conclusions of law.

The history of the land contract is of importance. In June, 1921, Gustav and Henrietta Tessmann, owners of a 120-acre farm in Macomb county, entered into a land contract to convey the farm to Hiram and Eliza Brant, upon payment of $22,500, and acknowledged receipt of $9,000. April 19, 1922, the Brants assigned their interest, as vendees, to Harriet B. Cappeller. June 11, 1922, Harriet B. Cappeller, having but the mentioned interest in the farm, agreed by land contract to convey the farm to John M. Bross for the sum of $42,000, and acknowledged receipt of $11,000. Later $1,000 additional was credited. The $11,000 was mainly fiction. August 11, 1922, Bross assigned his contract interest to Stephen F. Saxton. October 30, 1922, Saxton assigned to George S. Geis. August 8, 1922, Harriet B. Cappeller assigned her interest, as vendee under the Tessmann contract, to Frank Burt. The Tessmanns consented to the assignment but without

release of the assignor from liability. Burt accepted, and, in consideration of the Tessmanns' consent, agreed with them to assume and perform the contract. The same day Harriet B. Cappeller assigned over to Mr. Burt her interest as vendor in the Bross contract. Mr. Burt then held the vendee interest under the Tessmann contract, upon which there was due $13,200, and the Bross subcontract then held by Geis, calling for an unpaid balance of $30,000. Deducting $13,200, the amount unpaid on the Tessmann contract, from the $30,000, unpaid on the Bross contract, made Burt's interest worth $16,800 on paper. Burt held for defendant and transferred to plaintiffs by direction of defendant. Defendant represented to plaintiffs that the interests so transferred to them by Burt for him, constituted good security for $30,000, because the farm was worth $42,000.

The circuit judge found the farm worth $24,000 and awarded plaintiff $10,500, that being the difference between $42,000, the represented value of the farm, and $24,000, its actual value, less other consideration received by plaintiffs.

We are urged to hold the award excessive, because measured wrong, it being claimed that, at the most, the damage could not exceed $6,000, the represented value of the farm as security, and the actual value of the farm.

If the farm was worth but $24,000 and the Tessmann contract, held by Burt, was unpaid to the amount of $13,200, then Burt's equity was worth $10,800, and the subcontract of sale, held by Geis and calling for $30,000, to be paid to Burt for the farm, did not afford any additional security unless the vendee was financially responsible. Mr. Burt was obligated to pay the Tessmanns. If, and when

such obligation is performed, the subcontract held by Geis will be performed by him is hardly possible, for he is not likely to pay $30,000 for a farm worth but $24,000. But it is said until it is made to appear that Geis is not financially responsible, the security afforded by his contract cannot be determined. The representation that the farm was worth $42,000 was false, and induced plaintiffs to accept the contract. The interest in the farm, under the Tessmann contract, was worth but $10,800. By paying $13,200 to Tessmanns plaintiffs would own a farm worth $24,000, under sale by land contract for $30,000. The $30,000 contract, at inception, embraced considerable fiction in respect to the amount credited as payment thereon, and the suspicion is strong that it originated for trading purposes. Plaintiffs, in disposing of the contract, placed it beyond their power to enforce personal liability of the vendee. Plaintiffs could not have sued Geis at law. *Tapert v. Schultz, ante,* 39.

Under the proofs, we think, the damage should have been assessed at the sum of $6,000.

If plaintiffs, by remittitur, filed within 20 days, reduce the judgment to $6,000, it will stand affirmed at such sum, otherwise reversed with a new trial. In either event, defendant will have costs of this court.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.