KIRKER *v.* LARSON.

1. PLEADING—FRAUD—ASSUMPSIT—JUDGMENT.
   Where declaration contained two counts in fraud and one in assumpsit, finding by trial judge that defendant was guilty of fraud removed all uncertainty on what counts judgment was based.

2. EXECUTION—FRAUD—AMENDMENT OF FINDINGS—WILFUL INTENT TO DEFRAUD.
   Judgment for fraud remained one in tort, although trial judge amended his findings by stating that defendant did not make representations with specific and wilful intent to defraud.

3. ARREST—FRAUD—CAPIAS AD RESPONDENDUM.
   Under 3 Comp. Laws 1929, § 14007, one defrauded may bring action on case for fraud or one in assumpsit arising out of implied promise of repayment on account of fraud, and in either case, on proper declaration and affidavit being filed, *capias ad respondendum* will issue.

---

Order of arrest or *capias respondendum* as condition of right to body execution, see annotation in L. R. A. 1915A, 706.

4. ASSUMPSIT—FRAUD—PLEADING—ADDING COMMON COUNTS NOT IMPROPER.

It was not improper to add common counts to special count in assumpsit arising out of implied promise of repayment on account of fraud.

5. SAME.

It would not have been proper to sue on common counts without special count in action for fraud.

6. SAME—ADDING COMMON COUNTS SURPLUSAGE.

In action for fraud, adding common counts to special count in fraud neither added to nor subtracted from other claims in declaration, where defendant was specifically found guilty of fraud, but had effect of surplusage.

7. ARREST—CAPIAS AD RESPONDENDUM—NO DISTINCTION BETWEEN WILFUL TORTS AND OTHERS.

Under 3 Comp. Laws 1929, § 14075, providing when case may be started by writ of *capias ad respondendum* on tort claims, no distinction is made between torts that are wilful and those that are not.

8. SAME—CONSTITUTIONAL LAW—FRAUD.

Judgment for fraud in inducing contract does not arise *ex contractu*, and therefore issuance of *capias ad respondendum* in such case does not violate Constitution (article 2, § 20).

9. SAME—AFFIDAVITS—ALLEGATION OF WILFUL FRAUD NOT NECESSARY.

Affidavit in support of writ of *capias ad respondendum* was sufficient without allegation that fraud, on which judgment was based, was wilful.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 14, 1931. (Calendar No. 35,545.) Decided June 1, 1931.

Case by John G. Kirker and others against Clarence E. Larson for fraudulent representations inducing exchange of real estate. Judgment for plaintiffs affirmed on condition it be reduced by remittitur. From order denying motion to recall body execution issued thereunder, defendant appeals. Affirmed.

*Lynch & Hinks,* for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg (Stanley E. Beattie,* of counsel), for defendant.

Butzel, C. J. A judgment in tort in favor of plaintiffs Kirker against defendant Larson was affirmed by this court on condition that the amount thereof be reduced by the filing of proper remittitur (see *Kirker* v. *Larson,* 252 Mich. 136). The declaration filed in the lower court contained two counts in fraud and one in assumpsit, all relating to the same transaction. The assumpsit count was based upon an implied promise to repay the damages caused by the fraud; it ended with the common counts. The case was tried without a jury and the trial court specifically found defendant liable for fraud. The court said:

"It is just as much a legal fraud for one to make statements of which he has no knowledge or in reckless disregard of the truth as to make statements knowing them to be false."

There not having been any election or waiver of counts by plaintiffs, nor any general verdict by a jury, but a finding by the trial judge that defendant was guilty of fraud, it removed all uncertainty on what counts the judgment was based. It was on the fraud counts, and not on the common counts, of the declaration. On defendant's motion, the trial judge amended his findings by stating that defendant did not make any representations with specific and wilful intent to defraud. The judgment, however, remained one in tort.

Plaintiffs sued out a *capias ad satisfaciendum* or body execution. Defendant appeals from the order denying a motion to recall this body execution. He

claims that by combining the counts in tort with the one in assumpsit, plaintiffs waived the right to the issuance of a body execution; that on account of the court's amended findings the defendant was not guilty of specific and wilful intent to defraud; that the prohibition of the Constitution of the State of Michigan against imprisonment for debt protects defendant from being taken on a body execution.

Under 3 Comp. Laws 1929, § 14007, plaintiffs might have brought an action on the case for fraud or one in assumpsit arising out of an implied promise of repayment on account of the fraud. In either case, upon a proper declaration and affidavit being filed, a *capias ad respondendum* could have been issued. 3 Comp. Laws 1929, § 14074; *Mintz* v. *Jacob,* 163 Mich. 280. It was not improper to add the common counts to the special count in assumpsit arising out of implied promises of repayment on account of fraud. *First National Bank* v. *Steel,* 136 Mich. 588; *Hogle* v. *Meyering,* 161 Mich. 472. It would not have been proper to sue on the common counts without a special count. *Burchy* v. *Carpenter,* 181 Mich. 78. In the present case, as defendant was specifically found guilty of fraud, the common counts neither added to nor subtracted from the other claims set forth in the declaration and had the same effect as if they were surplusage.

Section 14075, 3 Comp. Laws 1929, in providing when a case may be started by a writ of *capias ad respondendum* on tort claims, states:

"Personal actions may be commenced by *capias ad respondendum* in cases of claims for damages, other than those arising upon contract, express or implied, in like manner as stated in the preceding section."

No distinction is made in this section between torts that are wilful and those that are not; apparently all torts are included. Furthermore, it would be exceedingly difficult to determine when a misrepresentation was wilful and when it was not. ·

The objection is made by defendant, however, that article 2, § 20, of the Constitution of Michigan, prohibits the issuance of a *capias ad respondendum* in this case. It provides:

"No person shall be imprisoned for debt arising out of, or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment."

In the instant case the judgment did not arise *ex contractu*. It was one in tort, *i. e.,* fraud in inducing a contract. It is true that a contract is involved but the wrong is the fraud from which damages resulted. In *Forsythe* v. *Washtenaw Circuit Judge,* 180 Mich. 633 (L. R. A. 1915A, 706), the court stated:

"It is obvious that the plaintiff in the principal case might have proceeded against relator under the Constitution as well as under the statute cited, *supra,* by causing to issue a writ of *capias ad respondendum* as commencement of suit."

. The mere fact that the tort in the present case was an unintentional one does not change the nature of the wrong from a tort to a debt arising out of a contract.

Even had the liability of defendant arisen out of contract, "cases of fraud" are excepted from the quoted constitutional prohibition. There is no indication that cases involving unintentional fraud

were intended to be excepted. The affidavit in support of a writ of *capias ad respondendum* is sufficient without an allegation that the fraud was wilful. The order of the circuit judge refusing to quash the *capias ad satisfaciendum* is affirmed, with costs to plaintiffs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.